■ IRENE KALLIVOKAS, Individually and as Natural Guardian of NICHOLAS KALLIVOKAS and Another, Infants, and as Administratrix of the Estate of SPIROS KALLIVOKAS, Deceased, et al., Plaintiffs, v OURANIA ATHANASATOS, as Administratrix of the Estate of ATHANSAIOS ATHANASATOS, Deceased, Appellant, and CITY OF NEW YORK, Respondent, et al., Defendant. OURANIA ATHANASATOS, as Administratrix of the Estate of ATHANSAIOS ATHANASATOS, Deceased, Plaintiff, v CITY OF NEW YORK, Defendant.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered January 12, 1989, which

directed that Ourania Athanasatos, a defendant in action No. 1 and the plaintiff in action No. 2, appear in the joint trial of these two actions only by Sharon Schweidel, Esq., her attorney in action No. 2, and that the role of Stanley M. Gewanter, Esq., her attorney in action No. 1, be limited at trial to that of a consultant to Ms. Schweidel, is unanimously affirmed, without costs.

These two actions arise out of a one-car accident that occurred in 1978. The owner and driver of the car and his brother-in-law, a passenger, were killed; a second passenger, the driver's brother, sustained personal injuries. In 1978, the injured brother and the widow of the deceased brother-in-law commenced action No. 1 against, among others, the driver's widow, Ourania Athanasatos, as administratrix of his estate, and the City of New York, alleging as against the latter that it had negligently allowed a standing body of water to accumulate on the roadway. Nationwide Insurance Company retained Stanley M. Gewanter, Esq. to defend Ourania, pursuant to the automobile insurance policy it had issued to her late husband. Subsequently, Ourania, as administratrix of her husband's estate, commenced action No. 2 against the City of New York, alleging negligence on account of the standing body of water and seeking damages for her husband's pain and suffering and wrongful death. In this action, Ourania retained Sharon Schweidel, Esq. to represent her. After the two actions were ordered to be tried jointly, the city orally moved at a pretrial conference for an order directing that Ourania proceed at trial by either Mr. Gewanter or Ms. Schweidel, and that the other be allowed to serve at trial only as a consultant. Over Mr. Gewanter's opposition, the trial court granted this motion, selecting Ms. Schweidel as Ourania's attorney "at trial for all purposes", with Mr. Gewanter's role limited to that of a consultant. On appeal, Mr. Gewanter argues that the trial court abused its discretion in so limiting his role at trial, in that the close family relationship between Ourania and the two plaintiffs in action No. 1 "raises reasonable fears in the mind" of Nationwide that the family members will collude with one another against it, i.e., that Ourania will not vigorously defend action No. 1 brought against her by her relatives. Mr. Gewanter also represents that Ms. Schweidel agrees with him that the "potential and actual conflicts" that exist between Ourania and Nationwide warrant her representation by two different attorneys at trial, and further agrees that an arrangement can be worked out as to the responsibilities of each. Ms. Schweidel does not respond to the appeal; the city does.

Where the interests of a single party may diverge, it is within the discretion of the Trial Judge to permit such party to proceed with more than one attorney *(Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900, *modfg* 78 AD2d 668 *on partially dissenting opn of Lazer, J.).* Here, as against the potential risk of collusion perceived by Nationwide, there must be weighed the actual risk of confusion always present in multiple representations *(Matter of Kitsch v Riker Oil Co.,* 23 AD2d 502). Should collusion become manifest as the trial develops, the trial court remains free to enlarge the participation of Mr. Gewanter. However, on this record, and in advance of trial, we see no basis for Nationwide's fear that Ourania will not vigorously defend action No. 1, and thus cannot say that the trial court abused its discretion in limiting the role of the attorney it appointed to defend her in that action to that of a consultant. Concur—Ross, J. P., Carro, Milonas, Wallach and Rubin, JJ.