■ VINCENT TOMASINO, Respondent, v WILLIAM MORROW & COMPANY, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for libel and for a violation of Civil Rights Law § 51, the defendants William Morrow & Company, Inc., and St. Martin's Press Incorporated, appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated January 12, 1990, which denied their motion to dismiss the complaint as barred by the applicable Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff commenced this action against the publishers of both the hardcover and paperback editions of the novel, *Ride A Tiger,* alleging that the book falsely and wrongfully portrayed him as, among other things, an organized crime boss, a labor union racketeer, a gambler and a murderer. Additionally, he claimed that the defendants used his name and description in the State of New York for the purposes of trade, without either his written or oral consent.

Under the "single publication rule" applicable to allegedly libelous works, both causes of action accrued at the time of their original publication *(see, Wolfson v Syracuse Newspapers,* 254 App Div 211, *affd* 279 NY 716). The case law has defined the term "publication" to mean the earliest date on which the work was placed on sale or became generally available to the public *(see, Gregoire v Putnam's Sons,* 298 NY 119, 125 [applying the rule to books]; *Rinaldi v Viking Penguin,* 52 NY2d 422, 434-435 [applying the rule to paperback editions]; *see also, Zuck v Interstate Publ. Corp.,* 317 F2d 727; *Khaury v Playboy Publ.,* 430 F Supp 1342, 1344; *Pascuzzi v Montcalm Publ. Corp.,* 65 AD2d 786; *Sorge v Parade Publ.,* 20 AD2d 338, 343). In *Dannemann v Doubleday & Co.* (9 Med L Rptr 1247, 1249 [SD NY 1983]), the court further held that actual sales to the public are unnecessary to establish the publication date.

In this case, the unambiguous and uncontroverted evidence in the record, consisting of the appellants' records and evidence of industry practice, extensive newspaper advertisements and even bookstore records reflecting actual sales, mandates the conclusion that publication of the book in hardcover by William Morrow & Company, Inc., and in paperback by St. Martin's Press Incorporated preceded the plaintiff's commencement of the action by more than the applicable one-year period of limitations. Consequently, the court erred in failing to grant the appellants' motion to dismiss the complaint insofar as asserted against them. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.