■ EXECUTIVE PARK WEST I, Appellant-Respondent, v KOOCK ELAN JUNG, Respondent-Appellant. EXECUTIVE PARK WEST I, Appellant-Respondent, v KOOCK ELAN JUNG, Respondent-Appellant. [637 NYS2d 832] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Pursuant to a lease by plaintiff of a medical office, defendant agreed to pay "base monthly rent" of $614.83. Other provisions of the lease provided for three items of "additional rent", i.e., amounts for defendant's allocable share of increases in real property taxes, operating costs, and utility or energy expenses. When defendant moved into a larger office on August 27, 1985, the parties executed an amendment to the lease providing that the monthly "rental" for the new space was $1,562.58. It also provided that "[a]ll of the provisions of the Original Office Lease not inconsistent with the foregoing shall remain in full force and effect." The lease, as amended, expired on April 30, 1990 and defendant remained as a holdover tenant until May 22, 1994. Defendant made only a payment of $10,000 and another payment of $71.65 for those additional amounts under the lease.

Plaintiff commenced this action alleging three causes of action for accounts stated for the "additional rent" up to 1991. In a second complaint, plaintiff alleged two additional causes of action for accounts stated based upon real property tax increases and operating costs for 1992. The actions were consolidated and a bench trial was held.

Supreme Court properly found that the "rental" for the new office space did not preclude the "additional rent" items under the original lease. Reading the amendment and original lease together, we agree that the use of the term "rental" in the amendment is not inconsistent with the additional amounts due under the original lease (see, 74 NY Jur 2d, Landlord and Tenant, §§ 60, 72).

The court properly determined that plaintiff failed to prove all causes of action except that for energy and utility costs. In

reviewing the conclusions of the trial court following a bench trial, our role is to determine whether there is "credible proof in the record to sustain the findings and conclusion of the trial court. In such review the record proof is to be given a view most favorable to sustain the judgment" *(McCall v Town of Middlebury,* 52 AD2d 736). Here, defendant presented evidence that he disputed the amounts billed to him for the additional rent items, which were the subject of plaintiff's causes of action. Plaintiff's witnesses testified that defendant did not contest the billed amounts. The trial court was in the best position to resolve the issue of credibility *(see, Hanley v Williamson,* 186 AD2d 1010, 1011) and, in light of that conflicting testimony, we see no reason to disturb the court's conclusion that plaintiff failed to prove those causes of action *(see, Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 431).

Similarly, we reject defendant's contention that the court erred in determining that plaintiff's acceptance of a $10,000 check was not an accord and satisfaction. Defendant tendered a check, bearing the notation "for office heating bills through 1989 as per agreement", to plaintiff. Alone, that notation was insufficient to demonstrate that the payment was sent in full satisfaction of the disputed claim *(see, Caldwell v Unger,* 177 AD2d 982). Although defendant testified that it was his understanding that the payment satisfied all of plaintiff's claims, plaintiff presented proof that there was no accord and satisfaction. Again, we defer to the trial court's superior position to resolve issues of credibility, and note that the provision of the lease prohibiting an accord and satisfaction supports the court's conclusion.

The court did not err in failing to find that defendant breached the lease. Plaintiff's complaints alleged only causes of action for accounts stated, and there is no indication in the record that plaintiff presented the theory of breach of contract. Plaintiff may not raise that issue for the first time on appeal *(see, ICS/Executone Telecom v Performance Parts Warehouse,* 171 AD2d 1066).

We conclude, however, that the court erred in awarding attorney's fees to plaintiff. In order to recover attorney's fees under the lease, plaintiff was obliged to take affirmative steps to dispossess the tenant. Because plaintiff did not do so, it was error for the court to make such award *(see, Hall & Co. v Orient Overseas Assocs.,* 84 AD2d 338, 341-342, *affd* 56 NY2d 965 *for reasons stated below).* (Appeals from Judgment of Supreme Court, Onondaga County, Elliott, J.—Breach of Lease.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.