■ BERNARD GELBARD, Respondent-Appellant, v A. KIRK BODARY, Appellant-Respondent. (Appeal No. 1.) [706 NYS2d 801] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in failing to grant in its entirety defendant's motion for summary judgment dismissing the third amended complaint. In *Gelbard v Genesee Hosp.* (255 AD2d 882, *lv dismissed in part and denied in part* 93 NY2d 916), we determined that the termination of plaintiff's staff privileges resulted from professional review actions within the meaning of the United States Health Care Quality Improvement Act ([HCQIA] 42 USC § 11101 *et seq.*) and that defendant The Genesee Hospital (Hospital) and the doctor (defendant herein) who participated in peer review activities therefore were entitled to immunity from damages. Because the alleged defamation by defendant, a member of the Hospital's staff, occurred during peer review activities that resulted in the Hospital's "professional review action", defendant is immune from liability for damages arising from his statements related to that professional review action (*see,* 42 USC § 11111 [a] [1]; *Austin v McNamara,* 979 F2d 728, 737; *see also, Sugarbaker v SSM Health Care,* 190 F3d 905, 911-914, *cert denied* — US —, 120 S Ct 980; *Mathews v Lancaster Gen. Hosp.,* 87 F3d 624, 634-637; *Bryan v Holmes Regional Med. Ctr.,* 33 F3d 1318, 1321-1323, *cert denied* 514 US 1019; *Fobbs v Holy Cross Health Sys. Corp.,* 789 F Supp 1054, 1065, *affd* 29 F3d 1439, *cert denied* 513 US 1127).

Plaintiff's defamation claims are also subject to dismissal on the ground that they are time-barred. Defendant's alleged defamatory letter was first published on March 19, 1993 and subsequently provided to the Hospital's ad hoc review committee on April 19, 1993. Plaintiff further asserts that, on April 21, 1993, defendant appeared before the ad hoc review hearing and restated and amplified the statements in his letter. The complaint was filed on April 14, 1994. A cause of action for defamation accrues on the date of the first publication (*see, Hochberg v Nissen,* 180 AD2d 435, 436, *lv denied* 80 NY2d 755; *Berger v Gilbert,* 65 AD2d 882, 884, *lv denied* 47 NY2d 709). More importantly, under the "single publication rule", a reading of libelous material by additional individuals after the original publication date does not change the accrual date for a defamation cause of action but, rather, the accrual date remains the time of the original publication (*see, Gregoire v Putnam's Sons,* 298 NY 119, 125, *rearg denied* 298 NY 753; *see also, Toomey v Farley,* 2 NY2d 71, 79, *rearg denied* 2 NY2d 785; *Tomasino v Morrow & Co.,* 174 AD2d 734; *Stockley v*

*AT&T Information Sys.*, 687 F Supp 764, 767-768). Because the distribution of the letter to the ad hoc committee was not a distinct republication, and because defendant merely restated the contents of the letter at the hearing, the accrual date for the libel and slander claims is March 19, 1993. Therefore, those claims are untimely (*see, Toomey v Farley, supra,* at 79; *Stockley v AT&T Information Sys., supra,* at 767-768). Were we to hold otherwise, a defamation claim could accrue when a letter is provided to other individuals involved in a professional review process months or even years later. To the extent that defendant's statements to the ad hoc committee allegedly contained new and distinct slander, a claim based on those statements would be time-barred because the original complaint does not give notice of the transactions or occurrences or series of transactions or occurrences to be proved pursuant to that claim (*see,* CPLR 203 [f]). Because plaintiff's slander claim was not viable, the court erred in granting plaintiff permission to replead it. Consequently, we modify the order by granting defendant's motion in its entirety and dismissing the third amended complaint. (Appeals from Order of Supreme Court, Monroe County, Polito, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.