GENE KOEHNLEIN et al., Appellants, v EDWARD C. JACKSON, JR., as Supervisor of Town of Richmond Planning Board, et al., Respondents. [784 NYS2d 431]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered December 10, 2003. The order granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to plaintiffs' contention, Supreme Court did not err in considering a motion for summary judgment filed by attorneys who represented defendants in related insurance litigation. The determination whether to allow dual representation is "a matter within the discretion of the trial court" (*Chemprene, Inc. v X-Tyal Intl. Corp.*, 55 NY2d 900, 901 [1982], *modfg* 78 AD2d 668 [1980]; *see Kallivokas v Athanasatos*, 151 AD2d 396, 398 [1989]), and the court did not abuse its discretion in this instance. Furthermore, the attorneys of record joined in the motion.

Contrary to plaintiffs' further contention, the action is time-barred and, therefore, the court properly granted the motion. Although plaintiffs commenced the action by summons and complaint, the cause of action asserted against defendants should have been raised in a CPLR article 78 proceeding to review a determination of defendant Town of Richmond Planning Board (*see Matter of Schachter v Sobol*, 213 AD2d 551, 552 [1995]; *see also Matter of Miller v State of New York*, 283 AD2d 830, 831 [2001]), and "[t]he appropriate Statute of Limitations is determined by the substance of the action and the relief sought" (*Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus*, 243 AD2d 61, 66 [1998]). We conclude that the filing of the notice of claim did not toll the statute of limitations (*see Matter of Barner v Jeffersonville-Youngsville Cent. School Dist.*, 117 AD2d 162, 166 n 1 [1986]; *Matter of Miller v McGough*, 97 AD2d 416 [1983]), and the cause of action accrued when the decision was filed, which the parties agree occurred in October 2000 (*see Matter of King v Chmielewski*, 76 NY2d 182, 186 [1990]). The summons and complaint, which were filed on September 12, 2001, were untimely under both Town Law § 274-a (11) and CPLR 217.

Plaintiffs' contention that the complaint states a timely cause of action under 42 USC § 1983 may not be raised for the first time on appeal (*see Executive Park W. I v Jung*, 224 AD2d 990,

991 [1996], *lv denied* 88 NY2d 803 [1996]; *see also Charles v City of New York*, 227 AD2d 429, 430 [1996], *lv denied* 88 NY2d 815 [1996]; *Vrontas v Bonsal Seggerman & Co.*, 151 AD2d 568, 568-569 [1989]). Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.