**Lenore B. GROGAN, Plaintiff,**

v.

**BLOOMING GROVE VOLUNTEER AMBULANCE CORP., Board of Directors—Carole McCann, Chairman, Board of Directors, Walter G. Davidson, Board of Director, Joseph DeStefano, Board of Director, George Bates, Board of Director, James Mullen, Board of Director, Defendants.**

**No. 11 CV 3135(VB).**

United States District Court, S.D. New York.

Jan. 22, 2013.

Lenore B. Grogan, Salisbury Mills, NY, pro se.

Michael Edwin Catania, Joseph A. Catania, Jr., Michael Edwin Catania, Joseph A. Catania, Jr., Tarshis, Catania, Liberth, Mahon & Milligram, Newburgh, NY, for Plaintiff.

## MEMORANDUM DECISION

BRICCETTI, District Judge:

Plaintiff Lenore B. Grogan, proceeding *pro se*, brings this Section 1983 action against Blooming Grove Volunteer Ambulance Corporation ("BGVAC") and Carole McCann, Chair of BGVAC's board of directors,[1] alleging violations of her constitutional rights under the First, Fifth, and Fourteenth Amendments. Plaintiff also brings claims for defamation under New York state law.

Before the Court is defendants' motion for summary judgment (Doc. # 25)[2] which, for the reasons set forth below, is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

The parties have submitted briefs, statements of facts, and declarations with supporting exhibits, which reflect the following factual background.

BGVAC is a private, not-for-profit organization that provides emergency medical services. It was established pursuant to the New York State Public Health Law,

---

1. The Court previously dismissed, without prejudice, plaintiff's claims against BGVAC directors Walter G. Davidson, Joseph DeStefano, George Bates, and James Mullen for lack of timely service.

2. Plaintiff also includes in her opposition papers a motion to dismiss McCann's affidavit under N.Y. C.P.L.R. § 3211, because it allegedly contains false statements. The Court deems this as a motion to strike under Fed. R.Civ.P. 12(f), and, after due consideration, finds it to be without merit.

and is regulated by the New York State Department of Health ("NYSDOH"). *See* N.Y. Pub. Health L. Art. 30 §§ 3000–3032. At all times relevant to this case, BGVAC acted as an independent contractor providing ambulance services to the Town of Blooming Grove.

Plaintiff joined BGVAC in 2001. She was elected Assistant Captain in 2006, and elected Captain in 2007. As a Captain, she was responsible for overseeing scheduling, supervising the Assistant Captain, and reporting to the board, either in person at board meetings or by submitting written reports.

According to the complaint, from January to July 2007, plaintiff tried to enforce BGVAC's constitution, by-laws, rules, and standard operating procedures, as well as the NYSDOH guidelines. In doing so, plaintiff distributed "memos and e-mail reminders to the members [which] were consistently disregarded." Specifically, plaintiff claims board members yelled at her, pointed in her face, and told her to "shut up."

In July 2007, BGVAC's board of directors issued sixteen charges against plaintiff and suspended her from BGVAC. Plaintiff then retained counsel, who succeeded in getting the charges dropped without a hearing. After further discussion between plaintiff's counsel and BGVAC, the board reinstated her in October 2007, and she resumed her position as Captain.

In December 2007, plaintiff filed charges against the individual members of the board. After a hearing, the parties entered into a settlement agreement whereby plaintiff agreed to drop the charges and the board agreed to issue a written apology and take steps to reform BGVAC governance policies.

Then, on May 16, 2008, the board issued a letter bringing twenty-one charges against plaintiff and suspended her for dereliction of duty, violations of BGVAC rules and regulations, and failure to follow approved medical protocol. Although the letter scheduled a hearing on the charges for May 29, 2008, the hearing was never conducted because counsel for plaintiff and BGVAC were unable to agree on the date when it would occur.

Plaintiff thereafter commenced this action.

## DISCUSSION

### I. *Standard of Review*

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law.... Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the nonmoving party. *See id.* The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Wilson v. Nw. Mut. Ins. Co.,* 625 F.3d 54, 60 (2d Cir.2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. *Za-*

laski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir.2010).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249–50, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir.2011) (internal citations omitted). The mere existence of a scintilla of evidence in support of the nonmoving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for her. *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir.2004).

On summary judgment, the Court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. *Nagle v. Marron*, 663 F.3d 100, 105 (2d Cir.2011). If there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir.2004).

At this stage the Court affords a *pro se* litigant "special solicitude," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.1988), liberally construes her submissions, and interprets them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (per curiam) (internal quotation marks omitted).

## II. *Section 1983 Claims*

■ To sustain a claim under Section 1983, a plaintiff must first establish that defendants acted under color of state law. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir.2008). If the conduct at issue did not constitute state action, the Court's inquiry ends there.

State action occurs when the constitutional deprivation is caused (1) either "by the exercise of some right or privilege created by the [s]tate[,] by a rule of conduct imposed by the [s]tate[,] or by a person for whom the [s]tate is responsible"; and (2) the party charged with the deprivation is "a person who may fairly be said to be a state actor." *Den Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir.2010) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

■ A private entity's actions are attributable to the state if they meet one of three tests enunciated by the Supreme Court (1) the "compulsion" test, when the state's coercive power has compelled an entity to act; (2) the "public function" test, when the state has delegated a public function to the entity; or (3) the "joint action" or "close nexus" test, when the state has provided "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the [s]tate," or the entity's functions are "entwined" with state policies. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d at 257–58 (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)). Under any test, plaintiff must establish that the state was involved in the specific activity giving rise to her cause of action;

it is not enough to show merely that the state was involved in some aspect of the private entity's affairs. *Id.; see Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 51, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (noting inquiry focuses on entity's conduct, not its general characteristics).

■■ Because plaintiff cannot establish state involvement in defendants' decisions to bring charges against plaintiff and suspend her, hold hearings on those charges, or limit her speech, plaintiff's claims fail under all three tests. She cannot meet the "compulsion" test because she provides no evidence a government official was involved in any aspect of BGVAC's actions. Her claim also fails the "public function" test because the ambulance services provided by BGVAC are not "traditionally the exclusive prerogative of the [s]tate." *Rendell–Baker v. Kohn,* 457 U.S. 830, 842, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *see, e.g., Hollman v. County of Suffolk,* 2011 WL 2446428, at *5–7, 2011 U.S. Dist. LEXIS 63882, at *16–22 (E.D.N.Y. June 15, 2011)[3] (collecting cases finding ambulance services fail public function test); *Osler v. Huron Valley Ambulance Inc.,* 671 F.Supp.2d 938, 943 (E.D.Mich.2009); *McKinney v. W. End Vol. Ambulance Ass'n,* 821 F.Supp. 1013, 1018–19 (E.D.Pa. 1992).

■ Finally, plaintiff cannot satisfy the "joint action" or "close nexus" test. Broadly reading plaintiff's papers, she contends defendants' activities are entwined with the state because BGVAC receives public funds for providing emergency services, the state controls the licensing and regulations that permit BGVAC to operate, and NYSDOH oversees BGVAC's conduct.

Plaintiff's arguments lack merit. "The touchstone of joint action is often a 'plan, prearrangement, conspiracy, custom, or policy' shared by the private actor and the [state actor]." *Forbes v. City of N.Y.,* 2008 WL 3539936, at *5, 2008 U.S. Dist. LEXIS 63021, at *13 (S.D.N.Y. Aug. 12, 2008) (quoting *Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d 268, 272 (2d Cir. 1999)). It follows that a private entity is not liable for its personnel decisions, as a state actor under Section 1983, simply because it performs the same services as government, receives substantial public funding via contracts, and is subject to extensive state regulation. *See Rendell–Baker v. Kohn,* 457 U.S. at 840–43, 102 S.Ct. 2764 ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d at 258 (finding facility not state actor despite being "subject to regulation, licensing, and oversight" by the state and state officials); *Eggleston v. Prince Edward Vol. Rescue Squad, Inc.,* 569 F.Supp. 1344, 1349–51 (E.D.Va.1983) (finding "funding, regulation, and possible public function" of volunteer ambulance company an insufficiently close nexus). Rather, plaintiff must show the state participated in defendants' actions that caused the injury, or state regulation influenced defendants' inappropriate behavior. *See Rendell–Baker v. Kohn,* 457 U.S. at 841, 102 S.Ct. 2764; *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). Because plaintiff cannot show either, the conduct she alleges is not "fairly attributable to the [s]tate." *Lugar v. Edmondson Oil Co.,* 457 U.S. at 937, 102 S.Ct. 2744;

---

**3.** Copies of unreported cases cited herein will be mailed to petitioner. *See Lebron v. Sand-* ers, 557 F.3d 76, 79 (2d Cir.2009).

*Hollman v. County of Suffolk*, 2011 WL 2446428, at *4–5 & n. 5, *7–10, 2011 U.S. Dist. LEXIS 63882, at *15 & n. 5, *27–33.

Plaintiff provides no evidence to support Section 1983 liability under any applicable test, and the cases she cites are inapposite. She contends *Seidenberg v. McSorleys' Old Ale House, Inc.*, 308 F.Supp. 1253 (S.D.N.Y.1969), and *Tewksbury v. Dowling*, 169 F.Supp.2d 103 (E.D.N.Y.2001), support her position that defendants are state actors. But *Seidenberg* was decided on a motion to dismiss, where the court was required to accept plaintiffs' allegations as true. In any event, at summary judgment the *Seidenberg* plaintiffs, in contrast to plaintiff here, were able to show a "causal relation ... between the state activity and the [offending conduct] alleged." *Seidenberg v. McSorleys' Old Ale House, Inc.*, 317 F.Supp. 593, 597–99 (S.D.N.Y. 1970). Additionally, on summary judgment plaintiff in *Tewksbury* offered evidence that the private physicians who agreed to admit her to a private hospital had worked closely with state doctors and staff in doing so. *See Tewksbury v. Dowling*, 169 F.Supp.2d at 110. Plaintiff has provided no such evidence of joint action between BGVAC and the state.

Plaintiff also relies on several cases from other jurisdictions that found a private entity was a state actor, based on facts clearly distinguishable from the case at bar. *See, e.g., Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 831–32 (7th Cir.2009) (finding private hospital was state actor when it had prison ward and ongoing relationship with state prison authorities to provide care to prisoners); *Goldstein v. Chestnut Ridge Vol. Fire Co.*,

218 F.3d 337, 349 (4th Cir.2000) (finding firefighting a traditional public function and noting the state bestowed volunteer fire company with police powers and sovereign immunity); *Ramirez v. City of Chicago*, 82 F.Supp.2d 836, 840–41 (N.D.Ill.1999) (finding paramedics employed by municipality qualify as state actors); *Eggert v. Tuckerton Vol. Fire Co. No. 1*, 938 F.Supp. 1230, 1238–40 (D.N.J.1996) (noting firefighting is a traditional public function and municipality controlled fire company's membership). Courts in the Second Circuit have not cited these cases, and this Court is not persuaded that they show defendants are state actors.

Accordingly, the Court grants summary judgment for defendants on all of plaintiff's Section 1983 claims.[4]

### III. *State Law Defamation*

Reading the complaint liberally, plaintiff attempts to bring a state law claim for libel[5] based on (1) an oral statement made to her by a member of the board; (2) a former police officer telling a woman that plaintiff was a problem at BGVAC; (3) letters from 2007 and 2008 charging plaintiff with misconduct; and (4) her name and voice remaining on the BGVAC answering machine during her suspensions in 2007 and 2008.

■ "Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name. Generally, spoken defamatory words are slander; written defamatory words are libel." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir.2001) (internal quotation marks and citations omitted). Ac-

---

4. Because the Court finds defendants are not state actors, it need not reach their contention that the statute of limitations bars plaintiff's First Amendment claim under Section 1983.

5. Plaintiff also attempts to bring a claim for libel under Section 1983, but no such cause of action exists. *See Ass'n for Pres. of Freedom of Choice v. Simon*, 299 F.2d 212, 214 (2d Cir.1962).

cordingly, the Court construes plaintiff's libel claim as two defamation claims, one each for libel and slander.

 To prevail on a claim for either libel or slander under New York law, plaintiff must show "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) 'of and concerning' the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander *per se*, and (vii) not protected by privilege." *Id.* at 265–66 (citing *Dillon v. City of N.Y.*, 261 A.D.2d 34, 37–38, 704 N.Y.S.2d 1 (1st Dep't 1999)) (elements for slander); *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 176 (2d Cir.2000) (noting nearly identical elements for libel). "Expressions of opinion . . . no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276, 856 N.Y.S.2d 31, 885 N.E.2d 884 (2008).

 The statute of limitations requires a plaintiff to file suit within one year of publication of the offending statement. N.Y. C.P.L.R. § 215(3). "[U]nder the 'single publication rule', a reading of libelous material by additional individuals after the original publication date does not change the accrual date for a defamation cause of action but, rather, the accrual date remains the time of the original publication." *Gelbard v. Bodary*, 270 A.D.2d 866, 706 N.Y.S.2d 801, 802 (4th Dep't 2000).

 Plaintiff's defamation claims are time-barred. Based on the sparse evidence plaintiff provides at summary judgment, the allegedly offending statements occurred in 2007, 2008, and possibly February 2009. But plaintiff did not commence this action until May 9, 2011. Plaintiff's notice of claim did not toll the one-year statute of limitations, *see Koehnlein v. Jackson*, 12 A.D.3d 1185, 1186, 784 N.Y.S.2d 431 (4th Dep't 2004) (citing *Matter of Barner v. Jeffersonville–Youngsville Cent. Sch. Dist.*, 117 A.D.2d 162, 166 n. 1, 502 N.Y.S.2d 285 (3d Dep't 1986)), and plaintiff provides the Court no other basis for finding her claim was timely filed.

Accordingly, the Court grants summary judgment for defendants on plaintiff's defamation claims.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. # 25) and close this case.

SO ORDERED.