*Sarkar v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

JAY SARKAR,

> *Plaintiff-Appellant*,

> v.                                             No. 24-1219

CITY OF NEW YORK, THE SPECIAL COMMISSIONER OF INVESTIGATION FOR THE NEW YORK CITY SCHOOL DISTRICT, NEW YORK CITY DEPARTMENT OF EDUCATION, RICHARD A. CARRANZA, Chancellor of New York City

Department of Education, RICHARD CONDON, Special Commissioner of Investigation, ANTOINETTE BELLO, DOE, BARBARA HANSON, DOE, KIM NOHAVICKA, DOE, LAURENCE HENRY, SCI Investigator, DAVID NEGRON, SCI Investigator,

Defendants-Appellees.*

| | |
|---|---|
| **For Plaintiff-Appellant:** | Jay Sarkar, *pro se*, Corona, NY. |
| **For Defendants-Appellees:** | Deborah A. Brenner, Jonathan Schoepp-Wong, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 28, 2024 judgment of the district court is **AFFIRMED**.

Jay Sarkar, proceeding *pro se*, appeals from the district court's dismissal of his complaint, which asserted numerous state and federal causes of action against the City of New York, the New York City Department of Education, and others (collectively, the "City"), related to his termination in April 2006 as an independent

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

contractor for the City and the publication in December 2006 of a report by the Special Commissioner of Investigation (the "SCI") regarding Sarkar's conduct. As relevant here, the district court concluded that Sarkar's claims for defamation, fraud, and conspiracy to interfere with his civil rights in violation of 42 U.S.C. § 1985 were time-barred and that the doctrines of equitable tolling and equitable estoppel did not otherwise salvage his claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's application of a statute of limitations *de novo*. *See Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021). A district court may dismiss a cause of action as untimely "when a defendant raises . . . lack of timeliness[] as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotation marks omitted). When a plaintiff argues that he is entitled to equitable tolling and the district court determines that such tolling is inappropriate, "we review the legal premises for that conclusion *de novo*, the factual bases for clear error, and the ultimate decision for abuse of discretion." *Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023). Because Sarkar has been *pro se*

3

throughout, we "liberally construe [his] pleadings and briefs . . . , reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

Sarkar first contends that his defamation claim is timely because the City republished the 2006 SCI report multiple times, including as late as 2019. But "New York adheres to a single publication rule in determining when the statute of limitations begins to run on a defamation claim." *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) (citing *Gregoire v. G.P. Putnam's Sons*, 298 N.Y. 119, 125 (1948)). Under this rule, "a defamation claim accrues at publication," which is "'the earliest date on which the work was placed on sale or became generally available to the public.'" *Id.* at 89 (quoting *Tomasino v. William Morrow & Co.*, 571 N.Y.S.2d 571, 572 (2d Dep't 1991)); *see also Firth v. State*, 98 N.Y.2d 365, 370 (2002) (applying the single publication rule to internet publications). And while it is true that New York courts have recognized an exception to this rule for certain republications, that exception applies only where "the subsequent publication is intended to and actually reaches a new audience, the second publication is made on an occasion distinct from the initial one, the republished statement has been

4

modified in form or in content, and the defendant has control over the decision to republish." *Martin v. Daily News L.P.*, 990 N.Y.S.2d 473, 483 (1st Dep't 2014) (internal quotation marks omitted).

Applying New York's single publication rule to the facts alleged in Sarkar's complaint, the district court concluded that Sarkar's defamation claim accrued in December 2006 when the City made the SCI report available to the public via its website. Consequently, Sarkar needed to file his defamation claim by December 2007. *See* N.Y. C.P.L.R. § 215(3). Sarkar attempts to sidestep that limitation by arguing that the SCI report was subsequently reposted on various websites. But these websites were all hosted by the SCI or its parent agency, and the content of the report never changed. Because the subsequent postings did not target new audiences and the content of the report did not change, the republication exception does not apply here. *See Martin*, 990 N.Y.S.2d at 483.

Sarkar also argues that his fraud claim did not accrue until 2017 because the City fraudulently concealed the basis for this claim, which did not become apparent until the City responded to his request under New York's Freedom of Information Law ("FOIL") in November 2017. But the law is clear that tort claims brought in New York against a municipality and its officers and employees, such

5

as the defendants here, must be filed within one year and ninety days after the event on which the claim was based. *See* N.Y. Gen. Mun. Law § 50-i(1); N.Y. Educ. Law § 3813(2). Thus, even assuming that Sarkar is correct that his fraud claim did not accrue until November 2017, he still would have been required to file his complaint by February 8, 2018. Because he did not file his complaint until May 2019, his fraud claim is also barred by the statute of limitations.

Alternatively, Sarkar contends that the district court should have applied equitable tolling to his state law fraud claim. But "the doctrine of equitable tolling is not available in state causes of action in New York." *Jang Ho Choi v. Beautri Realty Corp.*, 22 N.Y.S.3d 431, 452 (1st Dep't 2016). And even if we liberally construe Sarkar's filings to raise an argument that he is entitled to equitable *estoppel*, which *is* recognized in New York, Sarkar's fraud claim is still untimely. New York law is clear that "[e]quitable estoppel may be invoked to defeat a statute of limitations defense [only] when the plaintiff was induced by fraud, misrepresentations[,] or deception to refrain from filing a timely action." *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (3d Dep't 2005) (internal quotation marks omitted). Furthermore, a plaintiff must demonstrate that he exercised due diligence in bringing the action. *See id.* at 569.

Sarkar has failed to establish that he is entitled to equitable estoppel. For starters, "equitable estoppel will not apply if the plaintiff possesses timely knowledge sufficient to place him or her under a duty to make inquiry and ascertain all the relevant facts prior to the expiration of the applicable [s]tatute of [l]imitations." *McIvor v. Di Benedetto*, 503 N.Y.S.2d 836, 837 (2d Dep't 1986) (internal quotation marks omitted). Here, Sarkar knew about the accusations against him no later than December 2006 – the date when the SCI report was published. He therefore could have pursued his fraud claim then.

Nor has Sarkar alleged misconduct by the City that prevented him from timely filing his lawsuit. To the extent that Sarkar relies on the allegedly false information that led to his termination, New York law is clear that a plaintiff seeking equitable estoppel "may not rely on the same act that forms the basis for the claim." *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007). And to the extent that Sarkar relies on the City's failure to respond to his FOIL request, New York law is equally clear that "mere silence or failure to disclose the wrongdoing is insufficient" to warrant equitable estoppel, particularly where the allegedly false information was known to the plaintiff. *Id.* (internal quotation marks omitted).

Sarkar also failed to allege in his complaint how he purportedly exercised due diligence in pursuing this cause of action. While Sarkar set forth in his appellate brief a number of steps that he took between 2006 and 2017 to obtain records related to his termination, "a party may not amend pleadings through a brief." *Gamma Traders – I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 80 (2d Cir. 2022) (internal quotation marks omitted). Sarkar is thus "limited to [the] factual contentions [he] alleged in [his] operative complaint," which fail to establish the requisite due diligence for equitable estoppel to apply here. *Id.*

Next, Sarkar asserts that his section 1985 claim was timely because the City engaged in a continuing violation of his rights, which delayed the accrual of this cause of action. But Sarkar's section 1985 claim centers on his termination and the publication of the SCI report, which are discrete acts and thus do not fall within the continuing violation doctrine.[1] *See Gonzalez v. Hasty*, 802 F.3d 212, 222 (2d Cir. 2015).

---

[1] Sarkar further argues that the City engaged in a continuing violation of his rights by failing to disclose documents for ten years and by keeping its administrative investigation open for eighteen years. But Sarkar did not present these arguments to the district court, and we will not consider them for the first time on appeal. *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1078 (2d Cir. 2021).

Finally, Sarkar contends that the district court violated his rights by deciding the City's motion to dismiss based on written submissions only and denying him an opportunity to be heard at an oral hearing or trial. We have held that where a plaintiff has "filed extensive written arguments with the district court, which allowed him to address the specific issues of law with which the district court was concerned[,] . . . the decision whether or not to hold an oral hearing on a motion to dismiss lies in the sound discretion of the trial court." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998). Here, Sarkar not only amended his complaint twice but also provided an extensive written opposition to the City's motion to dismiss – along with hundreds of pages of exhibits – all of which the district court considered and liberally construed. Indeed, it was *Sarkar* who requested that the case "be dealt with through written submission." Dist. Ct. Doc. No. 21 at 4. On this record, we conclude that the district court did not abuse its discretion in deciding the City's motion to dismiss on the papers.

\* \* \*

We have considered Sarkar's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court