■ SHARED COMMUNICATIONS SERVICES OF ESR, INC., Appellant, v GOLDMAN, SACHS & Co., Respondent. [832 NYS2d 32]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 7, 2006, dismissing the complaint and bringing up for review the order of the same court and Justice, entered February 28, 2006, granting defendant's motion to dismiss plaintiff's remaining cause of action as time-barred, unanimously affirmed, with costs. Appeal from the February 28, 2006 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff's remaining cause of action, for tortious interference with contract, was properly dismissed as time-barred. It is undisputed that, unless the relevant New York and Pennsylvania statutory periods (*see* CPLR 202), respectively of three and two years (CPLR 214 [4]; *Kronos, Inc. v AVX Corp.*, 81 NY2d 90 [1993]; *and see* 42 Pa Cons Stat Ann § 5524 [7]), are tolled, the action, which accrued no later than September 1998 but was not commenced until July 2003, is untimely. Contrary to plaintiff's argument, the statute of limitations was not tolled under New York or Pennsylvania law. The doctrine of equitable tolling is generally applied to federal causes of action in New York (*O'Hara v Bayliner*, 89 NY2d 636, 646 [1997], *cert denied* 522 US 822 [1997]) and, in any event, would not apply here. Plaintiff has not shown that it was "actively misled" by defendant, or that it "in some extraordinary way had been prevented from complying with the limitations period" (*id.*). Plaintiff's contention that defendant hid its role in the underlying breach of contract, and thus prevented it from commencing its action within the limitations period, is unavailing. There is no evi-

dence that defendant was responsible for the alleged disappearance of the draft agreement that plaintiff claims belatedly alerted it to the existence of its tortious interference claim when it surfaced at a nonparty deposition in 2003. Similarly, there is no basis for tolling the statute of limitations under New York's doctrine of equitable estoppel, since plaintiff failed to show that it was prevented from timely filing an action due to reasonable reliance by it on "deception, fraud or misrepresentations" by defendant (*Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]). In any event, plaintiff improperly raises this last argument for the first time on appeal.

There is also no basis to toll the statute of limitations pursuant to Pennsylvania's discovery rule, which provides for tolling when the injured party, "despite the exercise of due diligence, [is unable to ascertain] the injury or its cause" (*Pocono Intl. Raceway, Inc. v Pocono Produce, Inc.*, 503 Pa 80, 85, 468 A2d 468, 471 [1983] [emphasis omitted]). As the motion court found, plaintiff, with reasonable diligence, could have ascertained the facts and circumstances of its tortious interference cause of action by March 2000. Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.