09-0356-cv (L), 09-0359-cv (Con)
AMS Group v. J.P. Morgan Chase

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:  REENA RAGGI,
　　　　　PETER W. HALL,
　　　　　　　　*Circuit Judges*,
　　　　　GREGORY W. CARMAN,[*]
　　　　　　　　*Judge*.
-------------------------------------------------------------------

AMS GROUP LLC,
　　　　　　　　*Plaintiff*,

DONALD GREAVES, SAINT CLAIR JACKSON,
　　　　　　　　*Plaintiffs-Appellants*,

　　　v.　　　　　　　　　　　　　　　　Nos. 09-0356-cv (L),
　　　　　　　　　　　　　　　　　　　　09-0359-cv (Con)

J.P. MORGAN CHASE BANK,
　　　　　　　　*Defendant-Appellee*.
-------------------------------------------------------------------

---

[*] Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

APPEARING FOR APPELLANTS:    DONALD C. GREAVES, *pro se* (Saint Clair Jackson, *pro se*, *on the brief*), Brooklyn, New York.

APPEARING FOR APPELLEE:    JESSICA H. COSTANZO, Cullen and Dykman LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on August 15, 2008, is AFFIRMED.

Plaintiffs Donald Greaves and Saint Clair Jackson appeal pro se from the district court's award of summary judgment in favor of defendant J.P. Morgan Chase Bank ("Chase"). We review a district court's summary judgment award de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

As an initial matter, we decline to address the application of third-party standing requirements to this appeal and instead exercise hypothetical jurisdiction to reach the merits of plaintiffs' claims. See Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 511 n.5 (2d Cir. 2005). Upon a thorough review of the record, we identify no error in the district court's conclusion that plaintiffs' Equal Credit Opportunity Act ("ECOA") and tortious

2

interference claims, which are subject to two- and three-year statutes of limitations, respectively, see 15 U.S.C. § 1691e(f); N.Y. C.P.L.R. § 214(4), are time-barred. Plaintiffs became aware of Chase's refusal to extend credit to the AMS Group no later than May 7, 2004. Their August 3, 2007 complaint is therefore untimely under either limitations period.

While the limitations period governing an ECOA or tortious interference claim may be equitably tolled under some circumstances, see, e.g., Ramsdell v. Bowles, 64 F.3d 5, 9 (1st Cir. 1995); Shared Commc'ns Servs. of ESR, Inc. v. Goldman, Sachs & Co., 38 A.D.3d 325, 326, 832 N.Y.S.2d 32, 34 (1st Dep't 2007), the district court properly concluded that plaintiffs failed to demonstrate any entitlement to such relief. Plaintiffs' filing of a complaint with the Federal Reserve Bank of New York does not merit equitable tolling, as the filing was not a prerequisite to plaintiffs' right to seek relief in federal court. Cf. Higgins v. N.Y. Stock Exch., Inc., 942 F.2d 829, 833-34 (2d Cir. 1991). Nor does plaintiffs' pro se status provide a basis for such relief. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000). Finally, plaintiffs' contention that defendant should be equitably estopped from asserting a statute of limitations defense because it impeded the timely filing of their federal complaint is also without merit. See Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 60-61 (2d Cir. 1986) (noting that equitable estoppel may prevent defendant from asserting limitations defense "where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing his lawsuit" (internal quotation marks omitted)). Plaintiffs have adduced no evidence demonstrating that they were unable to file a federal complaint in May 2004, when they filed their complaint with the Federal Reserve Bank of

3

New York, much less that such inability resulted from Chase's conduct.

We have considered plaintiffs' remaining arguments on appeal and conclude that they lack merit. For the foregoing reasons, the judgment of the district court is AFFIRMED. Plaintiffs' motion to substitute the three-year statute of limitations under the Consumer Credit Protection Act for the two-year statute of limitations that governs ECOA claims is DENIED, as is their motion to reinstate their demand for a jury trial.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court