▮ YARON ARI, Appellant, v ITAMAR ITZCHAK COHEN, Respondent. [968 NYS2d 31]—Order, Supreme Court, New York County (Carol E. Huff, J.), entered December 21, 2011, which vacated an order (same court and Justice), entered February 4, 2011, confirming an arbitration award issued on or about June 18, 2010, unanimously affirmed, without costs.

On July 1, 2010, petitioner brought a petition to confirm an arbitration award issued by the Beth Din Zedek of America on or about June 18, 2010, awarding money to petitioner as repayment for his investment in a Brooklyn restaurant that he and respondent had owned. The motion court granted the petition as unopposed but subsequently vacated the default judgment on the ground that the one year statute of limitations for confirming the arbitration award had expired since an original award was issued by the Beth Din Zedek in 2006. The court noted that the 2010 award neither tolled the statute of limitations nor began it anew.

On appeal, petitioner no longer seeks to confirm the 2010 award; instead, he contends that his time to confirm the 2006 award should have been tolled by CPLR 207 and equitable tolling. These arguments are not preserved for appellate review.

Respondent could have factually countered petitioner's argument that CPLR 207 tolled his time to move to confirm the award by submitting evidence showing that he was still subject to New York jurisdiction, even though he had moved to Israel (*see* CPLR 207 [3]; *Yarusso v Arbotowicz*, 41 NY2d 516 [1977]; *City of New York v Stack*, 178 AD2d 355 [1st Dept 1991], *lv denied* 80 NY2d 753 [1992]). With respect to petitioner's equitable tolling argument, the applicable doctrine is equitable estoppel since petitioner's cause of action is a state, not federal, one (*see Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co.*, 38 AD3d 325, 326 [1st Dept 2007]). However, it is improper to raise this doctrine for the first time on appeal (*id.*).

Finally, petitioner contends that the order appealed from should be reversed due to factual errors. This argument is unavailing; the errors are irrelevant to the points decided on this appeal. Concur—Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.