14-3532 (L)
Williams v. City Univ. of New York, Brooklyn College

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RALPH K. WINTER,
> JOHN M. WALKER, JR.,
> *Circuit Judges.*

---

Robert Williams,

> *Plaintiff-Appellant*,

> v.

City University of New York, Brooklyn College,

> *Defendant-Appellee*.

14-3532 (L), 14-3569 (Con), 14-3819 (Con)

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT**:** | ROBERT WILLIAMS, pro se, Bronx, NY. |
| FOR DEFENDANT-APPELLEE**:** | ERIC DEL POZO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Michael S. |

Belohlavek, Senior Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert Williams, proceeding pro se, sued Defendant-Appellee City University of New York, Brooklyn College ("CUNY"), in three separate actions, alleging racial discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.* He appeals the district court's (1) dismissal of his claims, (2) imposition of a filing injunction, and (3) denial of his recusal motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, "[w]e review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all factual allegations in the complaint as true." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 796 (2d Cir. 2014). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

2

The magistrate judge's thorough report and recommendation, which the district court adopted in its entirety, correctly determined that the claims asserted in two of Williams's complaints—Nos. 13-cv-2651 (E.D.N.Y.) and 13-cv-3618 (E.D.N.Y.)—were time-barred and that his pursuit of administrative remedies in the U.S. Department of Education's Office for Civil Rights ("OCR") did not warrant equitable tolling of the limitations periods because Williams's Title VI claims were not subject to an administrative exhaustion requirement. *See* App. 24–25 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (noting the equitable tolling "doctrine could not be used to exclude time a plaintiff chose to spend at the administrative level, by his own discretion, before filing a federal claim"); *AMS Grp. LLC v. J.P. Morgan Chase Bank*, 371 F. App'x 149, 150 (2d Cir. 2010) (summary order) ("Plaintiffs' filing of a complaint with the Federal Reserve Bank of New York does not merit equitable tolling, as the filing was not a prerequisite to plaintiffs' right to seek relief in federal court.")). The report and recommendation also correctly concluded that the remaining, timely claims in Williams's third complaint—No. 13-cv-1055 (E.D.N.Y.)—failed to state plausible claims of discrimination and retaliation.

Williams faults the magistrate judge for not crediting his conclusory assertions of discrimination, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. And, contrary to Williams's contention, a complaint must do more than merely give notice of a plaintiff's claims; it must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Williams also argues that his complaints must have stated plausible claims because the district court did not dismiss them when it "prescreened" them in connection with his *in forma*

3

*pauperis* ("IFP") application. The IFP statute allows a court to dismiss a claim "at any time" if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). As the magistrate judge noted, the fact that the district court did not invoke this statute to dismiss Williams's claims *sua sponte* in connection with his IFP application does not mean that his complaint was sufficient to withstand a motion to dismiss. In sum, we find no merit to Williams's arguments on appeal, and we affirm the dismissal of Williams's claims for substantially the same reasons stated in the magistrate judge's report and recommendation, which the district court adopted in its entirety.

Second, we review a district court's imposition of a filing injunction for abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("We review all aspects of a district court's decision to impose sanctions . . . for abuse of discretion." (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000))); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotation marks omitted)). Based on Williams's history of "repetitive conclusory lawsuits against CUNY," App. 40, as extensively discussed in the magistrate judge's report and recommendation, we conclude that the district court did not abuse its discretion in issuing a filing injunction.

Finally, we also review a district court's decision to deny a recusal motion for abuse of discretion. *See United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). The relevant inquiry is "whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a

4

reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 185 (2d Cir. 1992)), *overruled on other grounds as stated in United States v. Yousef*, 750 F.3d 254, 261 (2d Cir. 2014).

Williams argues that the district judge was "mandated to recuse [her]self" upon the filing of his "timely and sufficient" affidavit for recusal, and that her refusal to do so was an abuse of discretion. But the mere filing of a recusal motion does not automatically require the recusal of a judge. Moreover, the district court correctly noted that Williams's motion was based solely on his disagreement with the district judge's prior decisions, which were adverse to him, and that such disagreement is an insufficient basis to warrant recusal. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

We have considered all of Williams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5