JANG HO CHOI, Appellant, v BEAUTRI REALTY CORP., Respondent. [22 NYS3d 431]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 23, 2014, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (a) (5), unanimously affirmed, with costs.

The motion court erred in finding plaintiff's claim barred by the provision of the parties' agreements that required the closing of a real property sale within 90 days of defendant's default or "from the date of the Contract." A reasonable interpretation of the agreements is that they require closing within 90 days of

the contracts of sale becoming effective, i.e., following plaintiff's exercise of his option to purchase the property and the parties' entering into a separate agreement to adjust the price.

Nevertheless, we affirm the dismissal of the action on the ground that it is barred by the statute of limitations on breach of contract actions. More than six years have elapsed since plaintiff exercised his option and defendant refused to comply, in June 2007 (*see* CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399 [1993]).

Plaintiff contends that the statute of limitations was "equitably tolled" during the pendency of another New York action concerning another party's right to purchase the same property and of his own action in South Korea. However, the doctrine of equitable tolling is not available in state causes of action in New York (*see Ari v Cohen*, 107 AD3d 516, 517 [1st Dept 2013]; *Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co.*, 38 AD3d 325 [1st Dept 2007]). In any event, plaintiff did not demonstrate that he was prevented in "some extraordinary way" from timely commencing an action for specific performance (*O'Hara v Bayliner*, 89 NY2d 636, 646 [1997], *cert denied* 522 US 822 [1997]). Plaintiff had sufficient knowledge of the facts and of a basis for a cause of action within the limitations period, and yet he failed to bring a timely suit (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 554 [2006]; *see also Pahlad v Brustman*, 8 NY3d 901 [2007]). Nor does plaintiff contend that defendant wrongfully induced him to refrain from asserting his specific performance claim and therefore should be equitably estopped to rely on the statute of limitations (*see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]). Concur—Tom, J.P., Mazzarelli, Richter and Gische, JJ.