J-A17029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHARED COMMUNICATIONS SERVICES OF ESR, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GOLDMAN, SACHS & CO., WHTR INVESTORS, INC., WHTR REAL ESTATE LIMITED PARTNERSHIP, JOHN DOE 1 THROUGH 5, JOHN DOE, INC. 1 THROUGH 5 AND JOHN DOE, LP 1 THROUGH 5 | |
| | No. 2379 EDA 2016 |

Appeal from the Order June 24, 2016
in the Court of Common Pleas of Chester County
Civil Division at No(s): 2013-12661-MJ

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED SEPTEMBER 08, 2017**

Appellant, Shared Communications Services of ESR, Inc. ("SCS"), appeals from the court's order of June 24, 2016, sustaining preliminary objections and dismissing its complaint with prejudice. We affirm.

We adopt the following statement of facts from a prior memorandum of this court and the trial court opinion, which in turn is supported by the record. *See Shared Communications v. WHTR Real Estate*, 92 EDA 2016 (unpublished memorandum) (Pa. Super. filed April 17, 2017); *see*

_____

[*] Retired Senior Judge assigned to the Superior Court.

*also* Trial Court Opinion (TCO), 8/23/16, at 1, adopting TCO, 6/24/16, at 1-3. This litigation arises from a decades-long dispute between Appellant and defendant WHTR Real Estate Limited Partnership ("WHTR").[1] The original complaint was a breach of contract action, filed in 1990, and alleging that Appellant had entered into an agreement with Swedesford Road Joint Venture I to provide exclusive tenant services to a group of office buildings collectively referred to as the "Bay Colony." Appellant claimed that Swedesford breached the agreement by failing to advise the tenants of Appellant's services.

As a result of the consolidation of several matters involving the contract, Appellant maintained actions against numerous defendants, including WHTR, which had been assigned Swedesford's interest in the Bay Colony in 1994. WHTR sold Bay Colony in 1999; by 2001, WHTR advised Appellant that it had no further assets. Eventually the parties reached a settlement; however, Appellant reneged on said settlement, and litigation resumed on that issue. By the time trial commenced, WHTR had ceased all operations. In March 2009, a verdict was entered in favor of Appellant and against WHTR in the amount of $107,300.00; the remaining balance of the

---

[1] Although named as a defendant, WHTR did not respond in the lower court or to the appeal in this Court.

outstanding judgment is $27,388.00.[2]  No judgment was entered against Appellee Goldman, Sachs & Co.

The underlying litigation has been appealed several times, on varying issues, and in varying jurisdictions.  ***See Shared Communications v. WHTR Real Estate***, 92 EDA 2016 (unpublished memorandum) (Pa. Super. filed April 17, 2017); ***Shared Communications v. WHTR Real Estate***, 64 A.3d 18 (Pa. Super. 2012) (unpublished memorandum); ***Shared Communications v. Travelers Ins.***, 869 A.2d 24 (Pa. Super. 2004) (unpublished memorandum); ***see also Shared Communications Services of ESR, Inc. v. Goldman, Sachs, & Co***, 832 N.Y.S.2d 32 (N.Y. App. Div. 2007) (unpublished memorandum).  Since the verdict, Appellant has unsuccessfully attempted to collect the full amount of the judgment.

In 2011, Appellant submitted interrogatories to WHTR.  ***See*** Mot. to Compel, 4/14/15, at Ex. E.  The interrogatories do not mention Appellee. ***Id.***  Nevertheless, based upon the responses provided, Appellant served upon Appellee a notice of deposition and subpoena to testify in June 2012. ***Id.*** at Ex. G-H.  Appellee objected but thereafter produced redacted documents. ***Id.*** at Ex. H, K.

---

[2] Appellant indicates that it is owed "nearly three quarters of a million dollars" and may be owed millions more. ***See*** Appellant's Brief at 18. However, the trial court as well as a prior panel of this Court indicate differently. ***See Shared Communications v. WHTR Real Estate***, 92 EDA 2016 (unpublished memorandum) (Pa. Super. filed April 17, 2017); TCO, 6/24/16, at 1-2; TCO, 8/17/15, at 2, 7.

On December 31, 2013, Appellant commenced the instant action by writ of summons but took no further action. In January 2015, Appellant reissued the writ of summons, which was served on Appellee on February 10, 2015. Additionally, Appellant sent Appellee pre-complaint interrogatories, requesting that it describe its relationship with WHTR and provide other information related to WHTR. Appellee responded with objections. Appellant filed a motion seeking pre-complaint discovery, which the court denied after oral argument.

Thereafter, in January 2016, Appellant filed a complaint raising three counts, a violation of the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa.C.S. § 5101, *et seq.*, unjust enrichment, and unjust enrichment by estoppel. Essentially, Appellant claimed that during the course of the underlying litigation, WHTR sold Bay Colony for more than forty-three million dollars and that WHTR was a "subsidiary or affiliate" of Appellee. The complaint stated that "at no time has [Appellant] learned any facts that actually establish that fraudulent transfers have occurred, hence cannot allege that fraudulent transfers have occurred." **See** Complaint, 1/12/16, at ¶ 50. Appellee filed preliminary objections by demurrer, and Appellant filed a response in opposition. The court sustained the objections and dismissed the complaint with prejudice.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review, reordered for ease of analysis:

1. Did the trial court err when it denied [Appellant's] motion for discovery in aid of drafting its complaint?

2. Did the trial court err by finding that the complaint failed to adequately set forth legally cognizable claims under PUFTA or for unjust enrichment sufficient to defeat the preliminary objections and to proceed to discovery within the action?

3. Did the trial court err in dismissing the complaint against all parties, including those who neither appeared nor filed preliminary objections?

4. Did the trial court err when it denied [Appellant's] request for an opportunity to replead?

Appellant's Brief at 4-5 (unnecessary capitalization and responses omitted).

Our scope and standard of review in examining a challenge to an order sustaining preliminary objections are as follows:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

*Rambo v. Greene*, 906 A.2d 1232, 1235 (Pa. Super. 2006) (internal citations and quotations omitted). "A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa. Super.

2009). In consideration of preliminary objections by demurrer, it is appropriate for the court to take notice of facts which the parties have admitted. *See Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 165 (Pa. Super. 2013).

First, Appellant claims that the court erred in denying its motion for pre-complaint discovery. *See* Appellant's Brief at 32. Appellant contends that, without the information, it could not adequately state a cause of action and that the information was material and necessary to filing the complaint. *Id.* at 33.

With regard to orders concerning discovery,

an appellate court applies an abuse of discretion standard. To the extent that the question involves a pure issue of law, our scope ... of review [is] plenary. The Pennsylvania Rules of Civil Procedure envision that discovery may be used to aid in the preparation of a complaint.

... [T]o obtain pre-complaint discovery a litigant should be required to demonstrate his good faith as well as probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action. A plaintiff should describe with reasonable detail the materials sought, and *state with particularity probable cause for believing the information will materially advance his pleading*, as well as averring that, but for the discovery request, he will be unable to formulate a legally sufficient pleading. Under no circumstance should a plaintiff be allowed to embark upon a "fishing expedition," or otherwise rely on an amorphous discovery process to detect a cause of action he lacks probable cause to anticipate prior to the pre-complaint discovery process under this standard. The reasonableness of a given request, as well as the existence of probable cause and the good faith of the party seeking discovery, are matters for the trial court to determine in the exercise of its sound discretion.

*Cooper v. Frankford Health Care Sys., Inc.*, 960 A.2d 134, 140 (Pa. Super. 2008) (internal citations and quotations omitted, emphasis added). More specifically, "[p]robable cause for pre-complaint discovery exists where the moving party states facts supporting a reasonable belief that the evidence sought will support a cognizable cause of action." *Cooper*, 960 A.2d at 140. Additionally, the rules require that the request will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party. *See* Pa.R.C.P. 4003.8(a). Here, Appellant did not make out the required probable cause.

In its motion, Appellant "seeks to obtain the discovery that it believes will permit it to finally determine whether the disappearing $43 million was fraudulently conveyed and, if so, to whom."[3] *See* Mot. to Compel, 4/14/15, at ¶ 4. It does not specify what discovery this will be. Nowhere in the motion does Appellant clarify why Appellee was served with a notice of deposition and subpoena to testify in the first place, nor why it was added as a defendant to this action. *Id.* at ¶¶ 1-23. The motion lists many facts about the actions of WHTR and its counsel, and Eckert Seamans, who represented WHTR at trial, but is silent as to Appellee's involvement. *Id.* at ¶¶ 17-23. The sole factual averment regarding Appellee is that it produced heavily redacted documents without explanations as to why the redactions

---

[3] This refers to the amount of money Appellant believes WHTR received from the sale of the Bay Colony property.

were appropriate, and without a privilege log. *Id.* at ¶ 23. Beyond that, the sole "probable cause" described by Appellant is that it "believes" WHTR to be an indirect subsidiary of Appellee and that the documents produced "seem to confirm that there was a relationship between Goldman, WHTR, and an entity called Whitehall Street Real estate Limited Partnership Fund V." *Id.* at ¶¶ 19, 34-35. These are the sole averments regarding an alleged subsidiary relationship.

This cannot, in any sense of the word, constitute probable cause. Vague assertions, without specifics, cannot constitute probable cause. While it may be true that Appellant cannot make out a cause of action without the information it sought, it must still conform to the appropriate standards in seeking it. Pre-complaint discovery is not a fishing expedition. *See Cooper*, 960 A.2d at 140. Accordingly, we cannot conclude that the court committed an abuse of discretion in denying Appellant's motion seeking pre-complaint discovery. *Id.*

Appellant next claims that the trial court erred in finding it had failed to set forth legally cognizable claims for PUFTA violations and unjust enrichment sufficient to survive preliminary objections and proceed to discovery.[4] *See* Appellant's Brief at 20. No relief is due.

_____

[4] In the lower court, Appellant also argued a cause of action for "unjust enrichment by estoppel," and purports to raise this issue in its brief. "Unjust enrichment by estoppel" is not a concept Pennsylvania recognizes as law. As Appellant has cited no case law in support of the contention that the lower

*(Footnote Continued Next Page)*

Initially, we note that Appellant argues that it could not plead a cause of action for either claim due to the trial court's denial of its motion for pre-complaint discovery. **See** Appellant's Brief at 23-28, 34. This alone defeats its claims. As noted, *supra*, the trial court properly dismissed Appellant's motion for pre-complaint discovery due to lack of probable cause. **See Cooper**, 960 A.2d at 142-48.

Nevertheless, we further note that Pennsylvania is a fact-pleading state that requires a complaint to put the defendant on notice of the plaintiff's claim and the grounds upon which it rests. Further, the complaint must formulate the issues by summarizing those facts essential to support the claim. **See Foster v. UPMC S. Side Hosp.**, 2 A.3d 655, 666 (Pa. Super. 2010); **see also** Pa.R.C.P. 1019.

Appellant's first cause of action was a fraudulent transfer under PUFTA, which provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor, or

*(Footnote Continued)* _____

court erred in dismissing this claim, it has waived the issue for purposes of appeal. **See** Pa.R.A.P. 2119(a)-(c); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa.C.S. § 5104.[5]  Debt, per the act, is liability on a claim; a "debtor" is a person who is liable on a claim.  **See** 12 Pa.C.S. § 5101.  Thus, to establish a PUFTA claim, a party must establish that a debtor made a transfer with the intent to defraud a creditor.  **See** 12 Pa.C.S. §§ 5101-5104.  Moreover, fraud must be stated with particularity.  **See** Pa.R.C.P. 1019(b); **see also Youndt v. First Nat. Bank of Port Allegany**, 868 A.2d 539, 544 (Pa. Super. 2005).

Appellant's claim is not legally cognizable as pleaded.  First, Appellant cannot establish that it was a creditor of Appellee.  Appellant admits in the complaint that it is a judgment creditor of WHTR and, as the trial court noted, Appellee has not been found liable on any claim held by Appellant. **See** TCO at 7; **see also** Compl. at ¶ 11.  Although Appellant alleges that

---

[5] Although the trial court cited to § 5105, there is no indication in the record or in the pleadings that WHTR became insolvent *as a result of the transfer*. **See Knoll v. Uku**, 154 A.3d 329, 333 (Pa. Super. 2017) (noting that § 5105 applies if the creditor's claim arose before the transfer, the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer, and the debtor became insolvent as a result of the transfer).

WHTR is a subsidiary of Appellee, beyond conclusory allegations unaccompanied by facts, Appellant has not established that this is the case. Second, Appellant admits that it has no facts to establish that fraudulent transfers have occurred. *See* Compl. at ¶¶ 29, 32, 50, 78. Based upon these admissions, Appellant cannot establish that Appellee received or made fraudulent transfers. *Id.* Absent these essential facts, Appellant's claim is legally insufficient. *See* 12 Pa.C.S. §§ 5101-5104.

Nevertheless, Appellant argues that it should have been allowed to conduct full and complete discovery, because it reasonably believes and has pleaded that Appellee received proceeds from WHTR and directed where the proceeds were distributed. *See* Appellant's Brief at 23-24. According to Appellant, it could not establish the transfers were made without discovery. *Id.* As we have discussed, *supra*, Appellant did not establish probable cause to obtain pre-complaint discovery. Even after the denial of pre-complaint discovery, a plaintiff must still plead a legally cognizable claim. *See Cooper*, 960 A.2d at 142-48. Accordingly, the court did not err in dismissing Appellant's PUFTA claim without pre-complaint discovery. *See* 12 Pa.C.S. §§ 5101-5104; *Youndt*, 868 A.2d at 544; *Rambo*, 906 A.2d at 1235.

Appellant also raised unjust enrichment as a cause of action. Unjust enrichment is an equitable doctrine. *See Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999). The elements necessary to prove unjust enrichment are:

> (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.

*Id.* The application of the doctrine depends on the facts of the case at issue, and we focus not on the intention of the parties, but rather on the result: namely, whether the defendant was unjustly enriched by a benefit conferred upon it by the plaintiff. *Id.* at 1203-04.

The trial court concluded that Appellant did not allege that it conferred a benefit on Appellee, but instead alleged that WHTR conferred a benefit on Appellee. *See* TCO at 11 (citing in support *Goldenberg v. Royal Petroleum Corp.*, 2004 WL 3051577 (Phila. Com. Pl. 2004)). In *Goldenberg*, the trial court concluded that a plaintiff did not have standing to argue one defendant had been unjustly enriched by a benefit conferred by another defendant. *Id.* Case law discussing unjust enrichment is clear that a plaintiff must confer a benefit on a defendant. *See*, *e.g.*, *Mitchell*, 729 A.2d at 1203; *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993); *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. 1995); *Stoeckinger v. Presidential Financial Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa. Super. 2008). There is no case law establishing the right of a plaintiff to bring an action on behalf of another defendant. Thus, the trial court did not err in determining that Appellant could not establish a cause of action for unjust enrichment where it had not conferred a benefit upon defendant. *See*, *e.g.*, *Mitchell*, 729 A.2d at 1203.

Appellant next claims that the trial court erred in dismissing its complaint against WHTR Investors and WHTR Real Estate Limited Partnership, who neither appeared nor filed preliminary objections. *See* Appellant's Brief at 19. Appellant contends that there was no evidence of the record to establish that these defendants were "defunct entities" and that it specifically pleaded that the entities remain active in Pennsylvania and Delaware. *Id.* Further, Appellant contends that the same arguments that apply to dismissing the complaint against Appellee do not apply to the other defendants. *Id.*

Here, the court did not err in dismissing the complaint as to the non-moving and non-appearing defendants, as Appellant admitted it was unable to plead that a fraudulent transfer had occurred. Appellant admits that it has no facts to establish that fraudulent transfers have occurred. *See* Compl. at ¶¶ 29, 32, 50, 78. Further, the trial court noted that Appellant had more than twenty-five years to litigate the dispute and still could not plead these facts. Accordingly, there was no error in the trial court's decision to dismiss the complaint as to WHTR and unidentified defendants.

Finally, Appellant claims that the court erred in dismissing the complaint with prejudice and without leave to re-plead. *See* Appellant's Brief at 35. Appellant requests that if this court determines that Appellant should be entitled to proceed with pre-complaint discovery, it should be permitted to file an amended complaint. *Id.* We have determined that Appellant is not entitled to pre-complaint discovery. Thus, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2017