Carey v Trustees of Columbia Univ. in the City of N.Y. (2019 NY Slip Op 08158)





Carey v Trustees of Columbia Univ. in the City of N.Y.


2019 NY Slip Op 08158


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10297 650731/17

[*1] Patricia A. Carey, Plaintiff-Appellant,
v
Trustees of Columbia University in the City of New York, et al., Defendants-Respondents.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Friedman Kaplan Seiler & Adelman LLP, New York (Alexander D. Levi of counsel), for Trustees of Columbia University in the City of New York, Columbia University in the City of New York and Columbia University in the City of New York College of Arts and Sciences, respondents.
Bond, Schoeneck & King, PLLC, New York (Andrea Green of counsel), for Teachers College of Columbia University in the City of New York and Trustees of Teachers College of Columbia University in the City of New York, respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 9, 2018, which granted defendants' motion to dismiss the complaint, and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs.
Plaintiff's breach of contract and unjust enrichment claims are barred by the six-year statute of limitations since her claims accrued on November 30, 2010, when she defended her dissertation, and her suit was commenced on February 8, 2017 (CPLR 213[1], [2]; see Jang Ho Choi v Beautri Realty Corp., 135 AD3d 451, 452 [1st Dept 2016]). Plaintiff's claim that defendants breached their obligations to her by failing to provide a suitable dissertation advisor and other services is untimely, as the alleged breaches occurred outside of the six-year statute of limitations period. Plaintiff also failed to show how her only timely claim - that she was wrongly conferred a Ph.D. degree by defendants on February 9, 2011 - was actionable (see Keefe v New York Law School, 71 AD3d 569 [1st Dept 2010]).
Plaintiff's invocation of the continuing wrong doctrine to toll the limitations period is unavailing. The alleged improper awarding of the degree was merely a consequence of the purported wrong of failing to provide an appropriate sponsor or adequate support (see Henry v Bank of Am., 147 AD3d 559, 602 [1st Dept 2017]). Although plaintiff alleges damages that include a loss of expected income due to unreasonable delays in her receiving the degree and a resulting stigma, these purported damages reflect only the continuing effects of earlier conduct alleged to have been wrongful (see id.; see also Gibbons v Grondahl, 161 AD3d 590 [1st Dept 2018])
The court providently exercised its discretion in denying plaintiff's cross motion for leave to amend her complaint. The claims in the amended complaint are also time-barred, and "suffer[] from the same fatal deficienc[ies] as the original [complaint]" ("J. Doe No. 1" v CBS Broadcasting Inc., 24 AD3d 215, 216 [1st Dept 2005]). In any event, the amended complaint fails to show that the alleged wrongful conferral of the degree itself breached a specific promise made to plaintiff.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK