Matter of Wahid v New York City Dept. of Fin. (2022 NY Slip Op 02647)

Matter of Wahid v New York City Dept. of Fin.

2022 NY Slip Op 02647

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 156287/20 Appeal No. 15766 Case No. 2021-02855 

[*1]In the Matter of Abdul Wahid et al., Petitioners-Appellants,
v
New York City Department of Finance et al., Respondents-Respondents.

The Law Office of B. Alan Seidler, New York (B. Alan Seidler of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 6, 2021, denying the petition seeking to vacate a tax assessment and lien on petitioners' property, and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners seek to vacate a tax assessment and lien that resulted from various repairs performed on their property by respondent Department of Housing Preservation and Development between January 2009 and March 2014. Although respondent New York City Department of Finance sent statements of account to the then-owner's mailing address, no timely written objections to the charges were received. Petitioners now object to the charges.
The petition was untimely, as it was filed well over four months after the charges became final and petitioners have established no basis for tolling the statute of limitations (see CPLR 217[1]; Matter of City of New York [Grand Lafayette Props. LLC), 6 NY3d 540, 548 [2006]). Although one of the petitioners was incarcerated for a portion of the period when the repairs were made, incarceration is not a disability that tolls the statute of limitations (CPLR 208; Lavalliere v Department of Correction of City of N.Y., 304 AD2d 370, 371 [1st Dept 2003]). Nor did petitioners sustain their burden of establishing that the limitation period should be tolled on the ground of insanity (CPLR 208; see McCarthy v Volkswagen of Am., 55 NY2d 543, 548-549 [1982]; Estate of Smulewicz v Meltzer, Lippe, Goldstein & Breitstone, LLP, 160 AD3d 543, 544 [1st Dept 2018]).
Petitioners' equitable estoppel claim is improperly raised for the first time on appeal (see Ari v Cohen, 107 AD3d 516, 517 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022