Great Lakes Ins. SE v American S.S. Owners Mut. Protection & Indem. Assn. Inc. (2024 NY Slip Op 03083)

Great Lakes Ins. SE v American S.S. Owners Mut. Protection & Indem. Assn. Inc.

2024 NY Slip Op 03083

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Index No. 157295/21 Appeal No. 2433 Case No. 2024-00798 

[*1]Great Lakes Insurance SE in its Own Right and/or as Subrogee of Pacific Gulf Shipping Co., Plaintiff-Respondent,
v
American Steamship Owners Mutual Protection and Indemnity Association Inc. Also Known as The American Club, et al., Defendants, George Gourdomichalis, in His Own Capacity and as Agent of the Americana Club, Defendant-Appellant.

Blank Rome LLP, New York (William R. Bennett, III of counsel), for appellant.
Chalos & Co., P.C., Oyster Bay (Briton P. Sparkman of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 16, 2024, which denied defendant George Gourdomichalis' motion for summary judgment dismissing the negligence claim against him, unanimously affirmed, with costs.
The court properly found that Gourdomichalis was not entitled to summary judgment dismissing the negligence claim due to lack of personal jurisdiction. Gourdomichalis' affirmation, which he submitted to support his claim that the court lacked personal jurisdiction, was inadmissible as it did not contain the language required by CPLR 2106 (see Akhmedova v Akhmedov, 189 AD3d 602, 604 [1st Dept 2020], lv denied 37 NY3d 911 [2021]). Even if the affirmation was admissible, it was insufficient to establish that the court did not have personal jurisdiction over him. Nothing in his affirmation contradicts the evidence, which demonstrates that he facilitated the procurement of the vessel's insurance from The American Club; Adamastos Shipping, through its principal Gourdomichalis, notified The American Club of the potential insurance claim; after The American Club transferred the matter to its New York office, Gourdomichalis communicated with The American Club about the incident; and ultimately, Gourdomichalis terminated the insurance and abandoned the vessel. Therefore, long-arm jurisdiction pursuant to CPLR 302(a)(1) over Gourdomichalis was established (Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60 [1st Dept 2024]).
Further, although the court properly determined that defendant was not entitled to summary judgment dismissing the negligence claim on the ground that it was time barred, it improperly referred to the doctrine of equitable tolling. Equitable tolling generally applies to federal causes of action in New York. Here, where plaintiff brings a state cause of action, the applicable doctrine is equitable estoppel (see Ari v Cohen, 107 AD3d 516, 517 [1st Dept 2013]; Shared Communications Servs. Of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d 325, 326 [1st Dept 2007]). Great Lakes sufficiently raised a factual issue as to whether equitable estoppel applied based on its allegations that it only became aware of Gourdomichalis' actions once depositions were completed in December 2018, and a Rule 45 subpoena was issued on January 23, 2019 to produce the claim file in a prior federal court action (see Pahlad v Brustman, 33 AD3d 518, 519-520 [1st Dept 2006]).
On the merits, the court properly determined that Great Lakes raised issues of fact as to whether Gourdomichalis acted negligently by participating in a scheme that was structured to avoid clear liability for the vessel's registered owner, operator, and their "P&I" insurers on a multi-million-dollar cargo claim. The deposition testimony and documentary evidence were sufficient to raise an issue of fact as to whether Gourdomichalis was negligent because he was a "key decision-maker" in the handling of and eventual abandonment of the fully laden vessel[*2], who knew that the vessel was not properly capitalized, that the vessel had operational, technical, and safety deficiencies and that Adamastos Shipping was routinely behind on invoice payments.
Gourdomichalis' argument that Great Lakes has not proven damages, based on the failure to prove a valid subrogation claim, is unpreserved (see Marcal Fin. SA v Sutton, 226 AD3d 596 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024