Hai-2, LLC v Blackrock Fin. Mgt., Inc. (2024 NY Slip Op 04226)

Hai-2, LLC v Blackrock Fin. Mgt., Inc.

2024 NY Slip Op 04226

Decided on August 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 15, 2024

Before: Kern, J.P., Oing, Kapnick, Higgitt, Michael, JJ. 

Index No. 655756/18 Appeal No. 2337 Case No. 2023-05371 

[*1]Hai-2, LLC, Plaintiff-Respondent-Appellant,
v
Blackrock Financial Management, Inc., Defendant-Appellant-Respondent.

Sidley Austin LLP, New York (Eamon R. Joyce of counsel), for appellant-respondent.
Shaub Ahmuty, Citrin & Spratt, LLP, Lake Success (Jonathan Shaub of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 7, 2023, which denied defendant's motion for summary judgment dismissing the breach of contract claim, and denied plaintiff's motion for partial summary judgment on that claim, unanimously modified, on the law, to the extent of dismissing as untimely the breach of contract claim insofar as it seeks a share of defendant's fees on postredemption transactions that were earned prior to November 19, 2012, and dismissing the claim insofar as it seeks a share of defendant's fees from investments made by Shell Pensionenfonds beheer in products other than the Lorica Fund, Ltd., and otherwise affirmed, without costs.
Plaintiff's breach of contract claim alleges that defendant failed to make payments required under the parties' 2007 agreement obligating defendant to share a percentage of the asset management and advisory fees it earned in connection with certain investments in certain funds that plaintiff helped originate. As relevant here, the agreement provided, among other things, that in connection with investments made by UBS, AG, in the event any "eligible shares" of certain specified "Classes" "are redeemed and not repurchased with new investments within 30 days of the applicable redemption date, those shares shall become ineligible" (for fee sharing). It further provides that "no new investments, other than those permitted to replace redeemed shares, shall be Eligible Shares." The Agreement did not include similar provisions in connection with investments made by Shell, providing only that there would be a fee share for specified investments by Shell in Lorica Fund, Ltd.
Initially, to the extent the court rejected defendant's argument that the claim should be dismissed as untimely under the six-year statute of limitations based on its finding that the record could support the application of an equitable estoppel toll, we find that the record evidence is not sufficient to raise a triable issue of fact as to whether defendant made, as argued by plaintiff, affirmative misrepresentations or omitted information it was required to disclose, which prevented plaintiff's timely commencement so as to support an equitable toll (see e.g. G & Y Maintenance Corp. v Core Cont. Constr. LLC, 215 AD3d 553, 554 [1st Dept 2023]; Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co., 38 AD3d 325, 325 [1st Dept 2007]).
However, we find that the claim filed on November 19, 2018 is timely under the "continuing wrong doctrine" insofar as it seeks a share of defendant's fees on postredemption transactions that were earned by defendant on various occasions after November 19, 2012, but not shared due to defendant's various breaches of the fee-share obligation that arose quarterly (see CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12, 19 [1st Dept 2021]; cf. Henry v Bank of Am., 147 AD3d 599 [1st Dept 2017]).
We further find that the court properly denied the respective [*2]summary judgment motions based on a finding that the record does not establish the meaning of the agreement's relevant provisions concerning the fee-sharing obligation. Plaintiff argues that the record establishes that the agreement entitles it to continued fee sharing where proceeds from a redemption of "Eligible Shares" are timely reinvested in any of defendant's investment products, including the reinvestment in the "QAFI Class R Shares," for which it sought partial summary judgment on its claim for a fee share. For its part, defendant reads the plain language of the agreement to mean that continued fee sharing applies only where Eligible Shares (such as QAFI Class C and F Shares from UBS investments) are redeemed and the same type (Class) of shares are timely repurchased by UBS, which would exclude plaintiff's present claims based on investment(s) originated by UBS, including with respect to the Class R Shares.
As correctly found by the motion court, the plain language of the agreement, which does not adequately define and otherwise renders unclear what the parties meant by the phrase "repurchased with new investments . . . permitted to replace redeemed shares," is ambiguous with respect to what type of postredemption transactions would continue the fee-share obligation, and the extrinsic evidence does not resolve the ambiguity. There is, however, no ambiguity as to the provisions concerning the Shell fee sharing, and the claim should be dismissed insofar as it seeks a share of defendant's fees from investments made by Shell in products other than the Lorica Fund. To the extent the breach claim seeks a share of postredemption fees related to the Shell investment in Lorica where the redeemed proceeds were invested in other BlackRock products, dismissal is required because the agreement includes no provision that could be read as allowing for such fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 15, 2024