Eric Yarbro et al., Appellants, v Wells Fargo Bank, N.A., et al., Respondents, et al., Defendants. [33 NYS3d 727]—

Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered November 7, 2014, deemed appeal from judgment, same court and Justice, entered December 9, 2014, dismissing the complaint as against Cambridge Abstract, Ltd. (CPLR 5501 [c]), and, so considered, said judgment unanimously affirmed, without costs. Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered February 5, 2015, and February 6, 2015, which, to the extent appealed from as limited by the briefs, granted defendants Wells Fargo Bank's, Visions Federal Credit Union's, and Marco Materassi P.C., Marco Materassi, Esq., and Mandeep Kaur, Esq.'s motions to dismiss the breach of contract, unjust enrichment, and negligence causes of action as against them as time-barred, unanimously affirmed, without costs.

Contrary to plaintiffs' contention, the breach of contract causes of action accrued at the time of the breach, not on the date of discovery of the breach (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399 [1993]), and the six-year statute of limitations applicable thereto had run before plaintiffs commenced this action. The negligence claims, which allege a failure to properly record certain mortgages, are governed by CPLR 214 (4), a three-year statute of limitations (*see First Am. Tit. Ins. Co. of N.Y. v Fiserve Fulfillment Servs., Inc.*, 2008 WL 282019, *2, 2008 US Dist LEXIS 7344, *6 [SD NY, Jan. 25, 2008, No. 06 Civ 7132(NRB)]). "[A]ccrual time is measured from the day [the] actionable injury occur[red], 'even [though] the aggrieved party [was] then ignorant of the wrong or injury'" (*Nothnagle Home Sec. Corp. v Bruckner, Tillet, Rossi, Cahill & Assoc.*, 125 AD3d 1503, 1504 [4th Dept 2015], *lv denied* 25 NY3d 909 [2015], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]). The mortgages at issue were recorded in 2007; this action was not commenced until 2014.

Plaintiffs' attempt to extend the statute of limitations by equitable tolling is unsupported by any non-conclusory allegation that they were "actively misled" by any of the defendants

(*see Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co.*, 38 AD3d 325, 325 [1st Dept 2007]). Nor do plaintiffs allege any facts that would support their "continued representation" claim.

The legal malpractice claim, which accrued at the time the mortgages were recorded after closing (*Benedict v Estate of Noumair*, 289 AD2d 71 [1st Dept 2001]) and is governed by a three-year statute of limitations (CPLR 214 [6]), and the unjust enrichment claim, which accrued "upon the occurrence of the alleged wrongful act giving rise to restitution" (*Kaufman v Cohen*, 307 AD2d 113, 127 [1st Dept 2003]) and is governed by a six-year statute of limitations (CPLR 213 [1]); *see also Maya NY, LLC v Hagler*, 106 AD3d 583, 585 [1st Dept 2013]), are time-barred. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.