Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP (2020 NY Slip Op 06711)





Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP


2020 NY Slip Op 06711


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Gische, J.P., Oing, Kennedy , Mendez, JJ. 


Index No. 158633/18 Appeal No. 12205 Case No. 2019-04266 

[*1]Flintlock Construction Services, LLC, Plaintiff-Appellant,
v
Rubin, Fiorella & Friedman, LLP, Defendant-Respondent.


Hollander Law Group, PLLC, Great Neck (Larry B. Hollander of counsel), for appellant.
Furman, Kornfeld & Brennan LLP, New York (Benjamin M. Oxenburg of counsel), for respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered August 14, 2019, which granted defendant's motion to dismiss the complaint alleging legal malpractice as time-barred, unanimously affirmed, without costs.
Plaintiff, a general contractor, entered into a construction agreement with nonparty Well-Come Holdings, Inc. to perform construction and excavation work on property owned by Well-Come. In 2004 an adjacent property owner commenced an action against Well-Come and plaintiff alleging that the excavation work had damaged its property. In 2006 Well-Come commenced a declaratory judgment action against plaintiff and its insurer. Defendant, as counsel for plaintiff, allegedly without plaintiff's knowledge and consent, stipulated with Well-Come's counsel that plaintiff and its insurer would jointly defend and indemnify Well-Come for all damages in connection with the project, including those that plaintiff claimed were caused by Well-Come's own negligence. In 2007 defendant entered into a second stipulation, allegedly without plaintiff's knowledge and consent, discontinuing the declaratory judgment action brought by Well-Come as against plaintiff and agreeing that plaintiff alone would defend and indemnify Well-Come (the 2007 stipulation). On July 29, 2013, a jury rendered a verdict as to damages against Well-Come and plaintiff, and on September 5, 2018, after five years of posttrial proceedings, a money judgment was entered against them jointly.
Plaintiff commenced this action on September 17, 2018, alleging that defendant committed legal malpractice by entering into the stipulations. Plaintiff alleges that entering into the 2007 stipulation, which shifted the responsibility for Well-Come's defense from plaintiff's insurer to plaintiff alone, was professional negligence. In December 2018 defendant moved to dismiss the complaint pursuant to CPLR 3211(a)(5). The motion court ruled that the complaint was time-barred because the statute of limitations had begun to run on July 29, 2013, the date on which the jury rendered its verdict, which was the date on which plaintiff's damages were reasonably calculable. We affirm. 
"On a motion to dismiss a cause of action pursuant to CPLR § 3211(a)(5) as barred by the statute of limitations, a defendant must establish, prima facie, that the time within which to sue has expired. Once that showing has been made, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period." (Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085 [2d Dept 2016] [internal quotation marks omitted]).
"An action to recover damages for an attorney's malpractice must be commenced within three years from accrual (see CPLR § 214[6]). A legal malpractice claim accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. In most cases, this accrual time is measured from the day an actionable injury occurs [or when the damages are sufficiently calculable], even if the aggrieved party is then ignorant of the wrong or injury." (McCoy v v. Feinman, 99 NY2d 295, 301 [2002] [internal quotation marks and citation omitted]; King Tower Realty Corp. v G & G Funding Corp., 163 AD3d 541 [2d Dept. 2018]).
Any damages arising from defendant's alleged malpractice were sufficiently calculable for pleading purposes when the jury rendered its verdict on July 29, 2013, and the action commenced on September 17, 2018 is time-barred.
Plaintiff has not shown that the statute was tolled or that plaintiff was actively misled or prevented in some extraordinary way from timely commencing a malpractice action (see Yarbro v Wells Fargo Bank, N.A., 140 AD3d 668, 668 [1st Dept 2016]; Jang Ho Choi v Beautri Realty Corp., 135 AD3d 451 [1st Dept 2016]). Moreover, our decision on the prior appeal is not law of the case on facts not presented therein. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020