| |
|---|
| **Lazar v Mor** |
| 2024 NY Slip Op 30128(U) |
| January 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654538/2019 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

GABRIEL LAZAR, INDIVIDUALLY AND DERIVATIVELY
ON BEHALF OF ATTENA LLC, HEMERA LLC AND
NESSA LLC, JOEL SHEINBAUM, INDIVIDUALLY AND
DERIVATIVELY ON BEHALF OF ATTENA LLC, and
HEMERA LLC AND NESSA LLC,

| | |
|---|---|
| **INDEX NO.** | 654538/2019 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 003 |

Plaintiffs,

- v -

ARIK MOR and URIEL ZICHRON,

Defendants.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137

were read[1] on this motion to/for _____AMEND CAPTION/PLEADINGS_____.

In motion sequence number 003, plaintiffs Gabriel Lazar and Joel Sheinbaum,

derivatively on behalf of Attena LLC (Attena), Hemera LLC (Hemera) and Nessa LLC,[2]

---

[1] The court has reviewed and where appropriate considered additional documents mentioned in the parties' papers but omitted in this autogenerated caption.

[2] Plaintiffs brought this action individually and derivatively on behalf of Attena, Hemera and Nessa.  (See NYSCEF Doc. No. [NYSCEF] 1, Summons and Complaint; NYSCEF 48, Amended Complaint [AC].)  The court dismissed plaintiffs' individual claims after plaintiffs conceded "that their claims for relief are all derivative by not submitting opposition." (NYSCEF 110, Decision and Order at 14 [mot. seq. no. 002].)  While this decision was appealed, it was a limited appeal and plaintiffs did not challenge this ruling.  Thus, the individual claims remain dismissed.  To the extent that the proposed Second Amended Complaint alleges that the claims are brought both individually and derivatively, the individual claims have been dismissed.  Plaintiffs shall cease repleading them.  This also holds for plaintiffs' 18th through 23rd causes of action which were dismissed by this court and dismissal unanimously affirmed by the Appellate Division, First Department.  (*Id., affd Lazar v Mor*, 213 AD3d 491 [1st Dept 2023].)

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**                                          **Page 1 of 11**
**Motion No.  003**

1 of 11

move, pursuant to CPLR 3025 (b), for leave to file a second amended complaint[3] adding two breach of contract claims against defendants Arik Mor and Uriel Zichron.[4]

**Background**

This action arises from a dispute among real estate investors. Plaintiffs are residents of Israel and co-managing members of Attena and Hemera, which were formed in 2011 and 2012, respectively, for the purpose of acquiring multifamily properties in Manhattan. (NYSCEF 48, AC ¶¶ 4-5, 12.) Defendants are also residents of Israel and co-managing members of the three LLCs. (*Id.* ¶¶ 6-7.)[5]

Plaintiffs seek to add two causes of action (24th and 25th), alleging that defendants breached Attena and Hemera's operating agreements. Plaintiffs allege that, although article V (¶7) of Attena's operating agreement and article V (¶10) of Hemera's operating agreement provide that distributions to any member shall be made in accordance with the monetary value of the member's capital account in proportion to the total value of all members' capital accounts, defendants' distributions exceeded the amounts to which they were entitled based on their capital contributions. (*See* NYSCEF

---

[3] The initial complaint was filed on August 9, 2019. (NYSCEF 1, Summons and Complaint.) The operative amended complaint was filed on January 30, 2020. (NYSCEF 48, AC.)

[4] Plaintiffs' counsel is reminded that "an affirmation may be filed, under penalties of perjury, not in place of a brief but in place of an affidavit, by an attorney admitted to practice in New York. Affirmations, like affidavits, are reserved for a statement of the relevant facts; a statement of the relevant law and arguments belongs in a brief (i.e., a memorandum of law)." (*Tripp & Co., Inc. v Bank of NY (Del), Inc.*, 28 Misc 3d 1211[A], 911 NYS2d 696, 2010 NY Slip Op 51274[U], *6 [Sup Ct, NY County 2010] [citation omitted], citing 22 NYCRR 202.8 [c] ["Affidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law"].) A failure to file a memorandum of law in the future may result in denial of the motion.

[5] The background of this action is set forth more fully in this court's previous decision. (NYSCEF 110, Decision and Order at 1-5 [mot. seq. no. 002].)

654538/2019   LAZAR, GABRIEL vs. MOR, ARIK
Motion No.  003

Page 2 of 11

2 of 11

[* 2]

117, Second Amended Complaint [SAC] ¶¶ 224-235, 238-248.)  Specifically, plaintiffs allege that Mor and Zichron's capital contributions to Attena were 9.2% and 10.5%, respectively, but they took distributions as though they each contributed 21.5% of Attena's capital.  (*Id.* ¶ 228.)  Also, despite each having a capital account balance of negative $241,500 at Hemera, defendants allegedly took distributions as though they each contributed 15% of its capital.  (*Id.* ¶ 242.)

**Legal Standard**

"[L]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court." (*Davis v S. Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015] [internal quotation marks and citations omitted]; *see also* CPLR 3025 [b].) "[L]eave to amend a complaint should be denied if the proposed complaint could not survive a motion to dismiss.  A proposed amended complaint that would be subject to dismissal *as a matter of law* is, by definition, 'palpably insufficient or clearly devoid of merit' and thus should not be permitted under CPLR 3025." (*Olam Corp. v Thayer*, 2021 WL 408232, 2021 NY Misc LEXIS 476, 2021 NY Slip Op 30345[U], *3-4 [Sup Ct, NY County 2021].)

**Discussion**

Statute of Limitations

Defendants argue that the proposed breach of contract claims are time-barred because the alleged distributions occurred more than six years ago and do not relate back to the initial complaint or amended complaint.  Plaintiffs contend that the proposed claims relate back to the amended complaint.

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**
**Motion No. 003**

**Page 3 of 11**

[* 3]

"A motion to amend a complaint . . . to add a cause of action or theory of recovery that is time barred under the applicable statute of limitations is patently devoid of merit." (*Schwartz v Walter*, 171 AD3d 969, 970 [2d Dept 2019] [internal quotation marks and citation omitted].) "[A]n action upon a contractual obligation or liability, express or implied" must be commenced within six years. (CPLR 213 [2].) The breach of contract claim accrues at the time of the breach and not on the date of discovery. (*Yarbro v Wells Fargo Bank, N.A.*, 140 AD3d 668, 668 [1st Dept 2016] [citation omitted]).

A claim in an amended pleading relates back to "the original pleading [if the original pleading gives] notice of the transactions, occurrences . . . to be proved pursuant to the amended pleading." (CPLR 203 [f].) "[T]he [relation back] doctrine enables a plaintiff to correct a pleading error – by adding either a new claim or a new party – after the statutory limitations period has expired." (*Buran v Coupal*, 87 NY2d 173, 177 [1995] [internal quotation marks and citation omitted].) Where an amendment "contains an untimely claim against a defendant who is already a party to the litigation, the relevant considerations are simply (1) whether the original complaint gave the defendant notice of the transactions or occurrences at issue and (2) whether there would be undue prejudice to the defendant if the amendment and relation back are permitted." (*O'Halloran v Metro. Transp. Auth.*, 154 AD3d 83, 87 [1st Dept 2017] [citations omitted].)

Here, to the extent that the breach of contract claims allege distributions to defendants made after July 13, 2016, that is, within six years of July 13, 2022, when the

**654538/2019 LAZAR, GABRIEL vs. MOR, ARIK**
**Motion No. 003**

**Page 4 of 11**

4 of 11

present motion to amend was filed, these claims are timely.[6]  (*See* CPLR 213 [2]; *Perez v Paramount Communications*, 92 NY2d 749, 754-56 [1999] [filing of motion to amend complaint tolls statute of limitations for proposed claims].)

To the extent that plaintiffs allege distributions made prior to July 13, 2016, the breach of contract claims relate back to the amended complaint because the amended complaint placed defendants on notice of these transactions, namely, that defendants took distributions that exceeded the amounts to which they were entitled based on their capital contributions to Attena and Hemera.  (*See* NYSCEF 48, AC ¶ 3 ["Defendants either made no capital contributions or only a fraction of what was required from them . . . [yet] allocated to themselves equity and profit distributions as if they had in fact made their required capital contributions"]; *id.* ¶¶ 33, 51, 60, 66, 67.)  Specifically, in the fraud and breach of fiduciary duty claims alleged in the amended complaint,[7] plaintiffs alleged that defendants caused plaintiffs to contribute nearly all the capital that Attena and Hemera needed to acquire certain properties by overstating the purchase prices (*id.* ¶¶ 176-178, 185-187, 200-202, 211-212), defendants made no or negligible capital contributions to Attena and Hemera (*id.* ¶¶ 180, 190, 204, 214), and, accordingly, all or almost all of defendants' equity in Attena and Hemera and resulting profit distributions should have been allocated to plaintiffs.  (*Id.* ¶¶ 181, 191, 205, 215.)  The new breach of contract claims are similarly predicated on defendants' alleged insufficient capital contributions and excessive distributions.  (NYSCEF 117, SAC ¶¶ 228, 242.)  Further,

---

[6] Defendants concede that the following alleged distributions fall with the statute of limitations: November 23, 2016, July 28, 2017, and September 13, 2017 distributions from Attena; and November 23, 2016 and June 6, 2019 distributions from Hemera. (NYSCEF 121, Opp memo at 13 n 1, 2 [NYSCEF pagination].)

[7] The court refers to causes of action numbered 18, 19, 21, and 22, which were ultimately dismissed.  (NYSCEF 110, Decision and Order at 21 [mot. seq. no. 002].)

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**                                    **Page 5 of 11**
**Motion No.  003**

[* 5]

defendants will suffer no undue prejudice if the amendment and relation back are permitted. (*Infra* at 9-10.) Accordingly, the breach of contract claims relate back to the amended complaint filed on January 15, 2020. (*See* CPLR 203 [f]; *see e.g. O'Halloran*, 154 AD3d at 87-88 ["Defendants need not have been put on notice of every factual allegation on which the subsequent claims depend, because the original complaint put them on notice of the occurrences that underlie those claims"] [citation omitted].) As all of the alleged distributions to defendants occurred within six years of January 15, 2020, the breach of contract claims are timely.

Defendants' argument that the amended complaint did not allege breach of the entities' operating agreements is unavailing because the relevant inquiry "is not whether defendant had notice of the claim, but whether . . . the original pleading gives notice of the transactions (or) occurrences . . . to be proved pursuant to the amended pleading." (*Giambrone v Kings Harbor Multicare Ctr.*, 104 AD3d 546, 548 [1st Dept 2013] [internal quotation marks and citations omitted].)[8]


*Merits of Breach of Contract Claims*

Defendants next argue that the proposed claims are palpably insufficient because the alleged distributions were not wrongful. Defendants argue that the entities' operating agreements, entitled them to pro rata distributions in proportion to their

---

[8] Indeed, as one commentator opines, "[t]he Second and Fourth Departments seem to insist that the original pleading place the adversaries on notice of the specific claim sought to be added by the amendment. The other two Departments appear to believe that this is a too narrow interpretation of CPLR 203(f), which, after all, only requires notice of the 'transactions and occurrences' to be proved pursuant to the amended pleading." (Commercial Litigation in New York State Courts, 4th ed., 2023, § 8:158 [footnote omitted], citing *Giambrone*, 104 AD3d 546 [1st Dept 2013]; *Anderson v Carney*, 161 AD2d 1002 [3d Dept 1990].)

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**                              **Page 6 of 11**
**Motion No.  003**

Membership Capital Accounts' value, which was based on their capital contributions and corresponding membership interests. Defendants maintain that their membership interests were based on "services rendered" in locating investment opportunities and investors and obtaining financing. Defendants contend that for their monetary and service contributions, they each received 21.5% and 15% stakes in Attena and Hemera, respectively, which correspond to the alleged distributions.

The entities' operating agreements provide that defendants are entitled to pro rata distributions based on the monetary value of their Member Capital Accounts. (*See* NYSCEF 86, Hemera OA, Article V [10] ["The profits and losses of this Company and all other distributions shall be allocated among the members on the basis of the ratio of the monetary value of the Member Capital Account of each member to the total value of all Member Capital Accounts in this Company"]; NYSCEF 87, Attena OA, Article V [7] [same].) A Member Capital Account is an account that

> "shall be maintained for each member. Each Member Capital Account shall be increased by the value of each Capital Contribution made by such member, allocations to such member of the net profits and any other allocations to such member of income pursuant to the Internal Revenue Code. Each Member Capital Account will be decreased by the value of each distribution made to the member of this Company, allocations such member of net losses and other allocations to such member pursuant to the Internal Revenue Code."

(NYSCEF 86, Hemera OA, Article V [2]; NYSCEF 87, Attena OA, Article V [2].)

Even though per the entities' operating agreements, each defendant acquired 21.5% Membership Interest in Attena (NYSCEF 87, Attena OA at Schedule A) and 15.738% in Hemera (NYSCEF 86, Hemera OA at Schedule A), the agreements unambiguously state that distributions are allocated based on Member Capital Accounts' monetary values, and not on the basis of Membership Interests. (NYSCEF 86, Hemera OA, Article V [10]; NYSCEF 87, Attena OA, Article V [7].) Accordingly, the

**654538/2019  LAZAR, GABRIEL vs. MOR, ARIK**
**Motion No. 003**

**Page 7 of 11**

7 of 11

[* 7]

entities' operating agreements do not demonstrate that the breach of contract claims are palpably insufficient. (*See* CPLR 3211 [a] [1]; *Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014] ["A cause of action may be dismissed under CPLR 3211 (a) (1) only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (internal quotation marks and citation omitted)].)

Defendants' reliance on *Santelli v Spitzer*, 2021 WL 2209390, 2021 NY Misc LEXIS 3102, 2021 NY Slip Op 31855(U) (Sup Ct, NY County 2021) is misplaced. *Santelli* held that alleged distributions to an LLC member were not wrongful because the agreement in question "provided that 'the parties will distribute income to each of the owners of the LLCs on a 50%/50% basis in accordance with their ownership interests in the LLC.'" (*Id.* *5 [citation omitted].) Here, however, there is no such language in the agreements. (*See* CPLR 3211 [a] [1]; *Art & Fashion Group Corp.*, 120 AD3d at 438.)[9] Further, contrary to defendants' argument, *Santelli* does not stand for a proposition that because an LLC member is permitted to make capital contributions in the form of services, other members cannot challenge distributions to such an LLC member.

*Prejudice*

Plaintiffs argue that defendants cannot show prejudice because fact discovery is ongoing[10] and relevant capital contributions records are within defendants' possession, custody, or control. Defendants contend that that they would be prejudiced by the

---

[9] The court need not reach the issue of whether defendants were permitted to make or in fact made capital contributions to Attena and Hemera in form of services, given that defendants proffer no documentary evidence of any such capital contributions.

[10] To date, a note of issue has not been filed.

**654538/2019  LAZAR, GABRIEL vs. MOR, ARIK**
**Motion No.  003**

**Page 8 of 11**

amendment because they already expended significant time and expense in opposing plaintiffs' claims and would need to prepare defense for an entirely different case.

"[P]rejudice occurs when the party opposing amendment has been hindered in the preparation of [its] case or prevented from taking some measure in support of [its] position." (*Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652, 654-55 [1st Dept 2009] [internal quotation marks and citation omitted].) "[M]ere lateness . . . is not a barrier to amendment. Lateness must be coupled with significant prejudice to [a non-moving party]." (*Seda v New York City Housing Authority*, 181 AD2d 469, 470 [1st Dept 1992] [citation omitted], *lv denied* 80 NY2d 759 [1992].)

> "The kind of prejudice required to defeat an amendment . . . must . . . be a showing of prejudice traceable not simply to the new matter sought to be added, but also to the fact that it is only now being added. There must be some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add."

(*Jacobson v Croman*, 107 AD3d 644, 645 [1st Dept 2013] [internal quotation marks and citations omitted].)

Defendants fail to demonstrate prejudice: how the amendment will hinder their case or pursuit of their position. For instance, there is no indication that defendants no longer have access to any relevant documents or witnesses. Instead, during oral argument, defendants' counsel represented that if the new claims were to proceed, he would need to reopen Lazar's deposition, depose an accountant, and reserve right for expert disclosure. (NYSCEF 137, tr at 32:20-33:2.) The need for additional discovery, however, "does not constitute prejudice sufficient to justify denial of an amendment." (*Jacobson*, 68 AD3d at 654 [citation omitted].) Finally, the court is unpersuaded by

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**
**Motion No.   003**

**Page 9 of 11**

9 of 11

defendants' argument that they are surprised by the amendment, given that the amended complaint alluded to defendants' excessive distributions.

Finally, defendants argue that plaintiffs provide no excuse for their delay in filing the new claims or indicate that they were unaware of the facts supporting these claims.

The amended complaint filed on January 30, 2019, indicates that plaintiffs at least suspected that defendants' capital contributions were excessive. In support of the present motion, plaintiffs' counsel affirms that plaintiffs confirmed that defendants' distributions were inflated during discovery. (NYSCEF 116, Tripodi aff ¶ 4.) In his affidavit, Lazar explains that his initial attempts to receive capital contribution records were thawrted by defendants and an accounting firm that Mor retained. (NYSCEF 126, Lazar aff ¶¶ 6-9.) Lazar avers that without the requisite records, which he ultimately received directly from Investors Bank in New York in 2022, he was unable to confirm the shortfall in funds contributed by defendants. (*Id*. ¶ 9.) Lazar also avers that delay in "this process" is attributable to COVID-19-related travel restrictions and his health issues. (*Id*.)[11] Given that plaintiffs' efforts to access capital contribution records contributed to a delay in asserting the new claims, the delay is excusable. (*See Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640 [2d Dept 2015] ["In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the

---

[11] During oral argument, plaintiffs' counsel represented that "[to receive] bank statements that predated 2013, [plaintiffs] had to come to New York and meet with bank officials to go through that process to get the statements . . . in order to properly assert this claim, to go through the various bank statements and make sure that capital contributions had not been made by the defendants. So the pandemic and Mr. Lazar's health problems . . . caused a delay in this matter. They . . . couldn't get all the bank statements to assert this particular claim." (NYSCEF 137, tr at 9:24-10:11.)

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**                                              **Page 10 of 11**
**Motion No.  003**

10 of 11

facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered" (internal quotation marks and citations omitted)].)

Accordingly, it is

ORDERED that the plaintiffs' motion for leave to amend the complaint is granted, and the second amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof. However, to avoid confusion, plaintiffs are directed to refile the second amended complaint, removing "Individually" from the caption as well as the 18th through 23rd causes of action which were dismissed; and it is further

ORDERED that the defendants shall serve an answer to the second amended complaint or otherwise respond thereto within 20 days from the date of this decision; and it is further

ORDERED that the parties shall submit a proposed discovery schedule to the court within 30 days from the date of this decision. If the parties cannot agree, they shall submit competing schedules.

20240110212224AMASLEYF127590FA53248CF919A90F2F1988D5E

| 1/10/2024 | | ANDREA MASLEY, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654538/2019   LAZAR, GABRIEL vs. MOR, ARIK**
Motion No.  003

Page 11 of 11

11 of 11